**Creditors of James P. DeANGIO, Appellant,**

v.

**James P. DeANGIO, Appellee.**

**No. 76–1946.**

United States Court of Appeals, Eighth Circuit.

Submitted April 29, 1977.

Decided May 6, 1977.

William A. Wear, Jr., Springfield, Mo., for appellant.

Arthur B. Cohn, Jr., Waynesville, Mo., for appellee.

Before HEANEY, ROSS and HENLEY, Circuit Judges.

PER CURIAM.

The creditors of James P. DeAngio appeal from the decision of the District Court which held that the payment made to one of DeAngio's creditors by a third party was not a voidable preference under § 60(a)(1), (b) of the Bankruptcy Act, 11 U.S.C. § 96(a)(1). The District Court's decision

reversed the decision of the bankruptcy court. We affirm the District Court.

In April, 1973, DeAngio contracted to purchase a radio station from a Mr. Briesacher on an installment plan. After operating the station for a number of months, DeAngio quit the premises in September, 1973, due to difficulties that arose between himself and Briesacher. The unpaid balance on the installment contract is in excess of $250,000. On January 30, 1975, DeAngio transferred all his interest in the radio station to Pulasko Media, Inc. (Pulasko). In return, Pulasko transferred to DeAngio an option to purchase one hundred shares of Pulasko stock, which, if exercised would give DeAngio a seat on the board of directors; $10,000; and a guarantee of a salaried management position. These transfers were contingent on the FCC allowing the transfer of the station license from DeAngio to Pulasko.

Some of the equipment at the station was owned by L & L Leasing Company (L & L), to whom DeAngio and Briesacher owed $907.45 on the lease. In May, 1975, in settlement of a lawsuit brought by L & L against DeAngio and Briesacher to recover the debt, DeAngio and L & L agreed that L & L would move for a dismissal with prejudice if DeAngio paid L & L $907.45. On May 15, 1975, L & L received a check drawn on the account of Pulasko Media, Inc., for $907.45.

Briesacher and other creditors then brought an action for involuntary bankruptcy of DeAngio in bankruptcy court asserting that the payment of $907.45 to L & L was an act of bankruptcy, and a voidable preference.

The plain language of the applicable statute resolves the issue presented here.

A preference is a *transfer*, as defined in this title, *of any of the property of a debtor* to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition initiating a proceeding under this title, the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class.

§ 60(a)(1) Bankruptcy Act, 11 U.S.C. § 96(a)(1) (emphasis added.)

█ "To constitute a preferential transfer within the meaning of the Bankruptcy Act there must be a parting with the bankrupt's property for the benefit of the creditor and a consequent diminution of the bankrupt's estate." *Continental Trust Co. v. Chicago Title Co.,* 229 U.S. 435, 443, 33 S.Ct. 829, 57 L.Ed. 1268 (1913). *See also Virginia National Bank v. Woodson,* 329 F.2d 836, 840 (4th Cir. 1964); *I–T–E Circuit Breaker Company v. Holzman,* 354 F.2d 102 (9th Cir. 1965); *In re Erie Forge and Steel Corporation,* 456 F.2d 801, 804–805 (3rd Cir. 1972). The burden is on the creditors to prove that the transfer did deplete the debtor's estate. *Cf. I–T–E Circuit Breaker Company v. Holzman, supra. See generally* 3 Collier's on Bankruptcy § 60.26.

█ The record fails to disclose any evidence which would support a finding that the $907.45 payment made to L & L by Pulasko depleted DeAngio's assets. Although DeAngio was engaged in a business relationship with Pulasko, no evidence was introduced to show that any asset of DeAngio's, to which DeAngio's creditors would have a right, constituted all or any portion of the $907.45 transfer to L & L.

Because the creditors did not meet their burden of proving otherwise, we affirm the District Court's decision that the payment by Pulasko to L & L does not constitute a voidable preference.[1]

---

1. We have assumed, without deciding, that DeAngio was insolvent at the time of the questioned transfer, and that Briesacher was a creditor entitled to bring this action. Our decision here does not consider the merits of those issues.