PER CURIAM.
 

 Robert J. Brown, the trustee of the bankruptcy estate of Ark-La Materials, Inc., brought suit to avoid an alleged preferential transfer to the First National Bank of Little Rock. The bankruptcy court
 
 [1]
 
 denied the claim and the district court
 
 [2]
 
 affirmed. The question on appeal is whether certain payments by makers or guarantors of a promissory note upon which the insolvent debtor is also liable can be avoided by the trustee as illegally preferential.
 
 See
 
 11 U.S.C. § 547(b). We hold that the payments were not avoidable as preferential transfers and affirm.
 

 On November 19, 1979 Ark-La Materials, Inc., a corporation, executed a promissory note in the amount of $45,000.00 payable to appellee, First National Bank of Little Rock, Arkansas. The note was signed by George Locke as chairman of the board of Ark-La. Locke, along with Fred Weaver
 
 *491
 
 and H. Allen Gibson, also signed the note in their individual capacities making each personally liable on the note as makers.
 

 When Ark-La failed to pay the debt when it became due, the Bank demanded payment from the co-makers. On January 24, 1980 Locke and Weaver, two of the co-makers, presented the Bank with three checks as full payment of the note. Each check was in the amount of $15,427.19, was made payable to Ark-La, and was presented personally to Phil Bronkhorst, an officer of the Bank. Two of the checks were signed by Weaver and were payable from accounts of other companies with which he was connected.
 
 [3]
 
 The third check was signed by Locke and was payable from his own personal account.
 
 [4]
 
 Thus, all the money used to pay the note represented the personal funds of individual co-makers.
 

 Weaver and Locke instructed Bronkhorst that the checks were to be used to pay off the $45,000.00 note, plus all accrued interest. Pursuant to these instructions, Ark-La’s debt to the Bank on the note was reduced to zero.
 
 [5]
 

 Ark-La filed a Chapter 11 petition in bankruptcy on March 14, 1980. The trustee sought to avoid the January 24, 1980 payments arguing that they represented a preferential transfer of the debtor’s property within ninety days of the filing of Ark-La’s petition.
 
 See
 
 11 U.S.C. § 547(b). The bankruptcy court denied the claim holding that the funds which were transferred were not property of the estate and that the note payment was therefore not a preferential transfer of debtor’s funds. The district court agreed and affirmed.
 

 The trustee has the burden of proving each of the elements of a preferential transfer.
 
 First National Bank of Clinton v. Julian,
 
 383 F.2d 329, 333 (8th Cir.1967). One of these elements is that the property transferred must be property of the bankrupt’s estate.
 
 DeAngio v. DeAngio,
 
 554 F.2d 863, 864 (8th Cir.1977). It must be shown that the transfer depleted the debtor’s estate.
 
 Id.
 

 No such diminution has been shown here. All the funds used to pay the note came solely from the individual co-makers. Therefore the amount of Ark-La’s property or funds available for distribution to the other creditors was not reduced. Since the funds used to pay the note were not property of the debtor, there was no preferential transfer.
 

 The result might be different were there any evidence that the individual co-makers received money or property from Ark-La in exchange for paying off the note. Such indirect transfers from the debtor’s estate may be avoided since they result in a dimunition of the bankrupt’s estate.
 
 See Virginia National Bank v. Woodson,
 
 329 F.2d 836, 839 (4th Cir.1964);
 
 Miller v. Fisk Tire Co.,
 
 11 F.2d 301, 303 (D.Minn.1926); 4
 
 Collier on Bankruptcy
 
 11 547.25 (15th ed. 1984). However, there is no such evidence here. The transfers by the co-makers were made in order to extinguish their personal liability on the note and there is nothing to show that they received anything from Ark-La in return. “[P]ayments made by an indorser, surety or guarantor do not effect a preference because there is no transfer of the debtor’s property .... ” 4
 
 Collier on Bankruptcy
 
 11 547.25, at p. 547-93.
 
 See also DeAngio,
 
 554 F.2d at 864 (payment by third party not a preference where there is no dimunition of bankrupt’s estate);
 
 Virginia National Bank,
 
 329 F.2d at 839 (same);
 
 Inter-State National Bank v. Luther,
 
 221 F.2d 382, 393 (10th Cir.1955)
 
 *492
 
 (same);
 
 Olmstead v. Massachusetts Trust Co.,
 
 11 F.2d 410, 411 (D.Mass.1926) (same).
 
 [6]
 

 Therefore the judgment of the district court is affirmed.
 

 [1]
 

 . The Honorable Charles W. Baker, United States Bankruptcy Judge for the Eastern District of Arkansas.
 

 [2]
 

 . The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.
 

 [3]
 

 . One check was drawn from the account of L & S Concrete Company and the other was drawn from the account of Weaver-Bailey Contractors, Inc.
 

 [4]
 

 . The funds used by Locke to pay this portion of the note were acquired by him through a personal loan from the First National Bank of Little Rock.
 

 [5]
 

 .Bronkhorst instructed his secretary to type an endorsement on the backs of the checks which read "For the credit to Ark-La Materials." The trustee contends this was improper. We agree with the district court, however, that this action was clearly authorized by Locke in his capacity as chairman of Ark-La.
 

 [6]
 

 . The bankruptcy court appeared to imply that, had the co-makers paid the money into Ark-La’s account and then drawn a check from that account to pay the Bank, a preference would have been created. We disagree. The mechanics of the transfer may not necessarily be determinative. The paramount consideration is whether there has been a dimunition in the bankrupt’s estate as a result of the transfer.
 

 Where payment to a creditor is made by one liable as an indorser or guarantor, out of his own funds, the creditor has not received a preference from the insolvent debtor. It does not matter that in the course of the transaction the party secondarily liable may have paid the money to the debtor, to be given by him to the creditor, and the debtor may have turned it over to the creditor; for in such a case the debtor took the money charged with a fiduciary obligation to employ it toward extinguishment of the particular debt, and the money that the creditor received was never a general asset of the debtor.
 

 Grubb v. General Contract Purchase Corp.,
 
 18 F.Supp. 680, 682 (S.D.N.Y.1937) (citations omitted),
 
 aff’d,
 
 94 F.2d 70 (2d Cir.1938).
 
 See also 4 Collier on Bankruptcy
 
 ¶ 547.25, at p. 547-94-95 ("The rule is the same regardless of whether the proceeds of the loan are transferred directly by the lender to the creditor or are paid to the debtor with the understanding that they will be paid to the creditor in satisfaction of his claim, so long as such proceeds are clearly ‘earmarked.’ ”) It is only where the transfer from the third party to the debtor is not made upon condition that it be used to pay a certain creditor or where the debtor, rather than the third party, has control of the funds, that a preference may have been created.
 
 See Smyth v. Kaufman,
 
 114 F.2d 40, 42 (2d Cir.1940).