In re Ronald E. BELME, Patricia
Belme, Debtors.

George W. LEDFORD, Chapter 13
Trustee, Plaintiff,

v.

The FIRST NATIONAL
BANK, Defendant.

Bankruptcy No. 3–85–02114.
Adv. No. 3–86–0123.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 15, 1987.

Summary Judgment Denied on
Reconsideration
Nov. 6, 1987.

George W. Ledford, Englewood, Ohio,
trustee-plaintiff.

Carol Carlson, Dayton, Ohio, for defendant, First National Bank.

Donald F. Harker, III, Dayton, Ohio, for defendant, Thorp Financial.

### DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon plaintiff's motion for summary judgment pursuant to Fed.R.Civ.P. 56 which requires judgment to be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

### FACTS

On July 10, 1985 Ronald E. Belme and Patricia Belme ("Debtors") obtained a loan from Thorp Financial Services and used their personal property (which was subject to a previous security agreement with Thorp) as collateral for the loan. A portion of the loan was obtained for the express purpose of satisfying debtors' indebtedness to defendant, First National Bank of Dayton, Ohio. Accordingly, a check was issued by Thorp payable to the order of "Ronald and Patricia Belme and First National" in the amount of $1,464.26. The debtors endorsed the check and First National Bank received the proceeds. On October 4, 1985 the debtors filed a petition in bankruptcy requesting relief under chapter 13 of the Bankruptcy Code. The chapter 13 trustee has filed the present adversary proceeding to recover the payment of $1,464.26 to

First National Bank as a preferential transfer under 11 U.S.C. § 547.

## CONCLUSIONS OF LAW

Plaintiff-trustee maintains that the facts demonstrate that a preferential transfer was received by First National Bank pursuant to 11 U.S.C. § 547(b) which reads as follows:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Defendant First National Bank relies on the so-called "earmarking" doctrine in support of its position that the money transferred to it was not property of the debtors and, therefore, the elements of a preferential transfer have not been satisfied.

"The earmarking doctrine is widely accepted in the bankruptcy courts as a valid defense against a preference claim, primarily because the assets from the third party were never in control of the debtor and therefore payment of these assets to a creditor in no way diminishes the debtor's estate." *Coral Petroleum, Inc. v. Banque Paribas-London,* 797 F.2d 1351, 1356 (5th Cir.1986). The underlying theory of the "earmarking" doctrine is that "[i]f all that occurs in a 'transfer' is the substitution of one creditor for another, no preference is created because the debtor has not transferred property of his estate; he still owes the same sum to a creditor, only the identity of the creditor has changed." *Id.*

■ Where one unsecured creditor is simply substituted for another unsecured creditor, the "earmarking" doctrine is conceptually and economically sound. However, unconditional adherence to the general rule of the "earmarking" doctrine is inappropriate where a *secured* creditor is substituted for an unsecured creditor. If a third-party lender is granted a security interest in a debtor's property as a part of an "earmarking" transaction, the court must focus on whether the transfer diminished the value of the debtor's estate. *Matter of Villars,* 35 B.R. 868, 872 (Bank.S.D.Ohio 1983). Where a debtor grants to a third-party lender a lien upon a previously unencumbered interest in property, and the funds representing the previously unencumbered interest are transferred to an unsecured creditor, there is a diminution of assets available for distribution to other unsecured creditors. There has not been a mere substitution of creditors, but rather a transfer of the debtor's interest (his unencumbered equity) in the property to a previously unsecured creditor. *Derryberry v. The Peoples Banking Co. (In re Hartley),* 55 B.R. 770, 774 (Bankr.N.D.Ohio 1985).

■ In the instant proceeding, the documents supporting the motion do not disclose whether the debtors had any unencumbered equity in their personal property at the time of Thorp's loan on July 10, 1985. In particular, the court does not know the value of the debtor's personal property on the date of the loan, whether Thorp's second security agreement covered the identical personal property as its first security agreement, the balance of debtors' indebtedness to Thorp, and the extent of exemptions available to the debtors in the personal property. Because these material facts are necessary to an adjudication of

the adversary proceeding, the court is unable to render a summary judgment.

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED.