**In re Ronald E. BELME, Patricia Belme, Debtors.**

**George W. LEDFORD, Chapter 13 Trustee, Plaintiff,**

v.

**The FIRST NATIONAL BANK, Defendant.**

**Bankruptcy No. 3–85–02114.**
**Adv. No. 3–86–0123.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Nov. 6, 1987.

George W. Ledford, Englewood, Ohio, Chapter 13 trustee.

Carol E. Carlson, Dayton, Ohio, for defendant, The First Nat. Bank.

DECISION AND ORDER (UPON RECONSIDERATION) DENYING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT AND GRANTING JUDGMENT TO DEFENDANT

WILLIAM A. CLARK, Bankruptcy Judge.

## PROCEDURAL POSTURE

Presently before the court is the trustee's motion for the court to reconsider its previous order denying trustee's motion for summary judgment. The relevant facts, as set forth in the court's Decision and Order of July 15, 1987, 76 B.R. 121, are as follows:

> On July 10, 1985 Ronald E. Belme and Patricia Belme ("Debtors") obtained a loan from Thorp Financial Services and used their personal property (which was subject to a previous security agreement with Thorp) as collateral for the loan. A portion of the loan was obtained for the express purpose of satisfying debtors' indebtedness to defendant, First National Bank of Dayton, Ohio. Accordingly, a check was issued by Thorp payable to the order of "Ronald and Patricia Belme and First National" in the amount of $1,464.26. The debtors endorsed the check and First National Bank received the proceeds. On October 4, 1985 the debtors filed a petition in bankruptcy requesting relief under chapter 13 of the Bankruptcy Code. The chapter 13 trustee has filed the present adversary proceeding to recover the payment of $1,464.26 to First National Bank as a preferential transfer under 11 U.S.C. § 547.

Defendant, First National Bank, relying on the so-called "earmarking" doctrine, asserted that the money transferred to it was not property of the debtors' and, therefore, the elements of a preferential transfer as contained in 11 U.S.C. § 547(b) were not satisfied. The court denied the trustee's motion for summary judgment for the reason that insufficient material facts had been presented to the court to permit a

determination of the applicability of the "earmarking" doctrine.

## CONCLUSIONS OF LAW

The trustee has moved the court to reconsider its order of July 15, 1987 on the ground that a recent decision, *Mandrosa v. Peoples Banking Company (In re Hartley)*, 825 F.2d 1067 (6th Cir.1987), issued by the court of appeals for this circuit, entitles him to summary judgment as a matter of law. In that case a third party lender agreed to pay $500,000 directly to a creditor in return for security interests in the debtor's real and personal property and the court specifically addressed the "question of whether a payment by a third party to a creditor on behalf of a debtor is a voidable preferential transfer when the debtor grants security interests to the third party in exchange for the payment." *Id.* at 1068. Initially, the court recognized the general rule that when a third person loans money to a debtor specifically to enable him to satisfy the claim of a designated creditor, the proceeds are not property of the debtor and, therefore, the transfer of the proceeds to the creditor is not preferential. *Id.* at 1070. The rule, which arose from *Grubb v. General Contract Purchase Corp.*, 94 F.2d 70 (2d Cir.1938), is based on the theory that the funds loaned by a third party to pay a specific creditor do not belong to the debtor because he never controlled the money. In other words, where a transaction merely substitutes one creditor for another, *without loss to the estate*, there is no preferential transfer.

The Sixth Circuit observed, however, that when a debtor grants a security interest to the third party lender, he has "controlled the loan to the extent he gave security for it." *825 F.2d at 1071.* Therefore, the granting of a security interest by the debtor results in an exception to the general rule of "earmarking," but it does not necessarily cause the entire loan by the third party lender to be a preferential transfer; "Even where the debtor transfers a security interest in return for the loan, the payment is only a voidable preference to the extent the transaction depleted the debtor's estate." *Id.* The court concluded in *Hartley* that "the debtor's interest in the $500,000 was only the value of the security interests he transferred to the third party in exchange for the third party's payment [to the creditor]," *Id. at 1068*, and remanded the case for a determination of the value of the assets which secured the loan.

This court's Decision and Order of July 15, 1987, in recognizing the general rule of "earmarking" and its exception in cases involving the granting of a security interest by the debtor, noted that to the extent a debtor transfers previously unencumbered assets (or unencumbered equity in assets) in exchange for the loan, there has been a diminution of assets available for the distribution to unsecured creditors. In addition, just as the Sixth Circuit remanded the case in *Hartley* for a determination of the value of the security interests, this court set the instant matter for trial with the expectation that evidence would be introduced to establish the value of the security interest granted by the debtors to Thorp. The trustee contends, however, that the case of *Matter of Villars*, 35 B.R. 868 (Bankr.S.D. Ohio 1983), which was discussed by the Sixth Circuit in *Hartley*, supports his position in this adversary proceeding and that he is entitled to judgment as a matter of law. The trustee appears to advocate that in any transaction where the check from a third party lender is issued in the joint names of the debtor and creditor, rather than directly to the creditor, the earmarking doctrine is inapplicable *per se* and a preferential transfer results. (The trustee's view may account for his decision to introduce no additional evidence at the trial.) Such a mechanical rule would ignore the impact of the transfer upon the debtors' estate and exalt the form of the transaction over its substance. This court does not read *Villars* as establishing the form of payment as the litmus test of a preferential transfer when a third party loans money to pay a creditor. (If that were the holding of *Villars*, then much of Judge Anderson's discussion regarding earmarking would have been superfluous.)

In *Villars* the court clearly eschews any formalistic application of the earmark-

ing doctrine which would place "undue emphasis on semantics as to whether the proceeds of the Debtors' operating loan were 'earmarked', in the present factual context." *Id. at 872.* Instead, the court examined the underlying facts in the case after observing that "[t]he focus should be on whether or not by the transfer the value of the estate had been diminished and the preferential effect to the Defendant as a creditor." *Id.* In analyzing the underlying circumstances, the *Villars* court found that the debtor's estate had been depleted by the full amount of the third party's loan because the loan appeared to be fully secured. This court interprets *Villars* as establishing that where a check is issued in the joint names of the debtor and creditor, *and* the debtor has granted a security interest for the full amount of the loan, thereby depleting his estate by the amount of the security interest, a preferential transfer has taken place. If the loan is not fully secured by the security interest, then the estate has not been depleted by the full amount of the loan.

■ In the instant case, Thorp already possessed a security interest in certain personal property of the debtors prior to making the loan, a portion of which was for the purpose of paying off the First National Bank. If the second security agreement secured the exact same items as the first security agreement and the items had not appreciated in value, then the debtors did not exchange any unencumbered equity in their personal property in return for the loan from the third party lender. As noted in the Decision and Order of July 15, 1987, the court has not been presented with sufficient evidence to determine the following material facts: the value of the debtors' personal property on the date of the loan; whether Thorp's second security agreement covered the identical personal property as its first security agreement; the balance of debtors' indebtedness to Thorp on the date of the loan; and the extent of exemptions available to debtors in the personal property. Lacking this critical information, the court was unable to determine whether the loan from Thorp resulted in a depletion of debtors' assets and, therefore, a trial was scheduled by the court.

The sole issue at trial was whether there had been a transfer of the debtors' property under 11 U.S.C. § 547(b). The trustee introduced no additional evidence and the defendant's evidence was inadequate to determine the issue. Therefore, the court has no alternative but to decide this adversary proceeding on the basis of burden of proof. The Bankruptcy Code expressly placed the burden of proving the elements of Section 547(b) on the trustee. 11 U.S.C. § 547(g). It is necessary under the present factual pattern to demonstrate that a depletion of debtors' estate occurred in order to establish that the loaned funds were part of debtors' assets. Therefore, the burden of proving that the transfer depleted the debtors' estate is that of the trustee. *DeAngio v. DeAngio,* 554 F.2d 863, 864 (8th Cir.1977). *See also I-T-E Circuit Breaker Co. v. Holzman,* 354 F.2d 102, 106 (9th Cir.1965). Because the trustee introduced no evidence concerning the depletion of debtors' estate, he has failed to carry his burden of proof and judgment will be awarded to the defendant.

For the foregoing reasons, after reconsideration, it is ORDERED that plaintiff's motion for summary judgment is DENIED. IT IS FURTHER ORDERED that judgment is granted in favor of the defendant, First National Bank, Dayton.