**In re Herman Lee WIESER.**

**Ben T. BARRY, Trustee, Plaintiff,**

**v.**

**STATE OF ARKANSAS, DEPARTMENT OF FINANCE & ADMINISTRATION and the United States Treasury Department, Internal Revenue Division, Defendants.**

**Bankruptcy No. FS 85–250 S.**
**Adv. No. 87–569.**

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

May 24, 1988.

Ben Barry, Ft. Smith, Ark., trustee.

Ann Kell, Little Rock, Ark., for State of Arkansas, Dept. of Finance and Admin.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court is a Complaint for Turnover of estate assets filed pursuant to 11 U.S.C. § 542 and/or a Complaint to Avoid a Preferential Payment filed pursuant to 11 U.S.C. § 547. The alternative actions were filed by the Trustee in this Chapter 7 case against the State of Arkan-

sas, Department of Finance and Administration ("State") and the United States Treasury Department, Internal Revenue Division ("IRS"). The IRS has previously been dismissed as a Defendant by prior Order of the Court. The Complaints against the State of Arkansas are now before the Court.

This Court has jurisdiction over the case pursuant to 28 U.S.C. § 157. Moreover, the Court finds that it is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in 28 U.S.C. §§ 157(b)(2)(E) and (F).

The parties agreed that the matter would be submitted on stipulations and briefs. The parties submitted the following joint stipulations:

1. On September 27, 1985 the debtor's Chapter 7 bankruptcy petition was filed in this Court.

2. On or about September 14, 1985 the debtor submitted a draft to the State of Arkansas, Department of Finance and Administration in the amount of $671.00.

3. The draft described in paragraph two was accompanied by a voucher titled "Declaration of Estimated Tax" signed by the debtor reflecting that the payment of $671.00 was for estimated state income taxes for the fiscal year ending 12–31–85.

4. The draft was deposited by the State of Arkansas, Department of Finance and Administration as payment by the debtor of estimated income taxes due for the year 1985.

5. An Arkansas Individual Income Tax Return for 1985 was filed by the debtor with the Defendant which reflects an income tax refund for $566.00.

6. The Trustee, Ben T. Barry, is in possession of the debtor's portion of the Arkansas Income Tax refund for 1985.

7. A true and correct photocopy of the draft and Declaration of Estimated Tax voucher and Arkansas Individual Income Tax Return for 1985 mentioned above are attached hereto and made a part hereof.

The Trustee contends that the debtor's payment of his annual estimated tax payment of $671.00 to the State of Arkansas approximately two weeks before he filed his bankruptcy petition should be recovered from the State of Arkansas either as a preferential payment or as property of the debtor estate.

11 U.S.C. § 547(b) provides as follows: Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; *and* [emphasis added]

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The State of Arkansas has pointed out correctly that each of these conditions must be met in order for the transfer to constitute a preference which can be avoided by the Trustee under 11 U.S.C. § 547. *Brown v. First National Bank of Little Rock, Arkansas*, 748 F.2d 490 (8th Cir.1984). The State concentrates its argument on the fact that the second condition has not been met, namely, that the transfer was for or on account of an antecedent debt. The State also argues that even if it was, the estimated tax payment is excepted from avoidance

because the payment was made in the debtor's ordinary course of business. 11 U.S.C. § 547(c)(2).

 The Court partially agrees with the State, that the estimated tax payment cannot be avoided under 11 U.S.C. § 547, but not entirely for the reasons advanced by the State. The Court does not believe it is necessary to make a finding with regard to the parties' dispute over whether the second condition of 11 U.S.C. § 547 has been met for there is a more basic omission which supports the Court's finding that the Trustee has not met his burden of proof. The Trustee does not address the fifth condition, namely, that the estimated tax payment enabled the State to receive more than it would receive in a straight liquidation. This case is, in fact, a Chapter 7 straight liquidation but there is no argument or evidence presented with regard to whether the fifth condition has been met; that this payment is more than the State would ultimately receive in this case. The Court can only conclude the Trustee has failed to established all the elements of proof required to prevail in a preference action.

 Even if the Trustee had presented argument and evidence with regard to the fifth condition, the Court agrees with the State's argument and finds that the payment would be excepted under subsection (c)(2) of § 547 of the Code. The Court finds that estimated tax payments, if timely made by taxpayers, are within the ordinary course of the financial affairs of taxpayers who elect this method of prepaying their income tax liability over the monthly withholding method. Therefore the payment, since it is uncontroverted that it was timely made, is not a preference recoverable pursuant to 11 U.S.C. § 547.

 The Trustee argues in the alternative that if the payment is not a preference then the $671.00 payment represents property of the estate which is subject to turnover pursuant to 11 U.S.C. § 542(a).

11 U.S.C. § 542(a) requires anyone holding property of the estate on the date of filing of the petition, to deliver it to the trustee. The Court finds from the parties' stipulations and argument that on the day the bankruptcy petition was filed, September 27, 1987, the State of Arkansas may have been holding property of the estate. Unfortunately, when a petition is filed mid-year, unless there is a fairly elaborate accounting which allocates tax liability to income earned on either side of a mid-year (filing which is lacking in this case), it is impossible for the Court to reach a conclusive finding that the State, holding an estimated tax payment for the entire year, should turn over a portion of this payment because the year's entire tax liability has not yet been incurred. For that matter the same problem could arise for any taxpayer who files a bankruptcy petition. Most taxpayers pay over to the taxing authorities estimated taxes for the year, either in the form of withholding by an employer or directly (as in this case). The methods are different, but the result is the same; taxpayers turn over funds to the taxing authorities during the tax year in question and "settle up" when the yearly tax return is due April 15. Of course, the simple way to handle the dilemma, when the figures are not known for mid-year pro-rata assignment of tax liability, is to prepare the annual tax return which provides the final calculation. That was, in fact, done in this case and the Trustee has recovered a tax refund for overpayment of taxes almost equal to the estimated tax payment he seeks to recover. That is all the taxpayer, and the Trustee who steps into the debtor's/taxpayer's shoes, can expect.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the Trustee's prayer for relief seeking either avoidance of a preferential payment or in the alternative for turnover of property of the estate from the State of Arkansas be and hereby is denied.

IT IS SO ORDERED.