**Michael SWOFFORD, Plaintiff,**

v.

**SHEARSON LEHMAN/AMERICAN EXPRESS, INC., Defendant.**

**No. LR-C-85-182.**

United States District Court,
E.D. Arkansas, W.D.

March 20, 1985.

---

Timothy O. Dudley, and Gary D. Corum, Little Rock, Ark., for plaintiff.

Sam Hilburn, North Little Rock, Ark., for defendant.

## ORDER

ROY, District Judge.

Pending before the Court is the Plaintiff's Motion For Preliminary Injunction asking this Court to stay proceedings in the Pulaski County Chancery Court. In the state court action, Shearson alleges that Swofford is indebted to it because of his misappropriation of funds. That action is to be tried before the Honorable Lee Munson on April 3, 1985. Swofford would have this Court stay the state court trial until this Court could rule on his Petition to Compel Arbitration of their dispute. As the Plaintiff points out in his brief accompanying motion the Arbitration Act, 9 U.S.C. § 2 applies to state as well as federal courts. The state court has the power to stay its action pending arbitration and has apparently refused to do so. This Court will not interfere with that decision and interrupt the normal flow of judicial business in chancery court.

Federal courts are prohibited by statute from granting injunctions to stay state court proceedings. 28 U.S.C. § 2283. The Court does not believe that any of the exceptions to the Act are applicable here. It is within this Court's discretion whether to stay the state court action or not. *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263 (7th Cir.1976).

The Court does not believe this is a proper case for preliminary injunction. Plaintiff has the opportunity for a trial on the merits of the action against him in the state court. There is no reason to believe that justice will not be served thereby. If the Plaintiff is correct in his assertions made here, then he has recourse in the appellate courts of Arkansas *if* he loses in state court and chooses to file an appeal.

As the Supreme Court has said: "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts...." *Younger v. Harris*, 401 U.S. 37, 43, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971). That desire will be followed in this Court.

IT IS ORDERED:

That the Plaintiff's Motion for Preliminary Injunction is denied.