**In re INTERNATIONAL VENTURES, INC.**

**INTERNATIONAL VENTURES, INC., Plaintiff**

**v.**

**BLOCK PROPERTIES VII, Defendant.**

**Bankruptcy No. 95–43854 S.**
**Adv. No. 96–4162.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 6, 1997.

Stan Smith, Little Rock, AR, for Debtor.

Thomas Thrash, Little Rock, AR, for Defendant.

Robert Ross, Little Rock, AR, for Russell and Betty Rawn.

James Bryant, Little Rock, AR, for Jim Manning.

Kim Kellar, for First Commercial.

### ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon several procedural motions,[1] to wit:

1. Motion to Intervene and to Join a Party Pursuant to Rule 7019 of the Bankruptcy Rules, filed on December 16, 1996, by Russell and Betty Rawn;

2. Motion to Intervene and to Join a Party Pursuant to Rule 7019 of the Bankruptcy Rules, filed on January 2, 1997, by Jim Manning;

3. The Amended Motion to Intervene, filed on January 29, 1997, by Jim Manning; and

4. The Motion to Amend Answer to Complaint and File Cross Claim against First Commercial Bank, N.A. and Russell D. Rawn and Counterclaim against International Ventures, Inc., filed by Block Properties VII on January 3, 1997.

### I. Factual and Procedural Background

This adversary proceeding is a simple preference action filed on August 6, 1996, pursuant to 11 U.S.C. § 547, to collect a payment that was made by the debtor to a creditor within the ninety days prior to the filing of the bankruptcy. The original answer asserts that new value was given for the payment such that the debtor-in-possession may not recover the preference. By a proposed amended answer, the defendant Block Properties VII ("Block") seeks to raise the "earmarking doctrine" as a defense to the preference action. Block also seeks to assert a cross claim against third parties; these same third parties seek to intervene in this action to "protect their interests."

International Ventures entered into a long-term lease agreement with Block relating to rental of the space for a Bonanza restaurant in Lawrence, Kansas. The obligations under the lease were guaranteed by three individuals, Russell Rawn, James Manning and Donald Hurst. When International Ventures did not fulfill its obligations under the lease, Block sued International Ventures and the guarantors in the District Court of Douglas County, Kansas for $225,000. The parties settled this state court action: Block Properties agreed to accept $75,000 in exchange for dismissal of the action and release of all

---

1. Although the Court has not granted any of the motions to add parties, the parties style the caption of this adversary proceeding to include the proposed intervenors and defendants. Until such time as a court grants motions permitting additional parties, such captions are improper and cause confusion in the clerk's office.

claims. The funds to pay Block were obtained through a loan with First Commercial Bank in Little Rock, Arkansas. The lease guarantors signed the note which was secured by the following: (1) a pledge of stock owned by Rawn; and (2) a pledge of property owned by International Ventures. The $75,000 was deposited into an operating account of the debtor and paid over to Block to conclude the settlement. This payment was made within ninety days of the filing of this bankruptcy case.[2]

On August 6, 1996, the debtor-in-possession, International Ventures, filed this preference action against Block to recover the $75,000 paid to Block. Block's original answer asserted the affirmative defense of new value. Block seeks to amend its answer to include the earmarking doctrine,[3] and seeks to bring First Commercial Bank and Russell Rawn[4] as third parties to the action. The proposed pleadings, a cross- and counterclaim, request that the Court determine that First Commercial Bank's claim in this bankruptcy case is unsecured. A second cause of action requests that the Kansas state court settlement agreement be set aside in order that Block may pursue the guarantors if Block is found liable for the preference.

## II. The Defendant's Proposed Amendments

### A. Motion to Amend Answer

■■■ Amendment to pleadings is governed by Rule 7015, Federal Rules of Bankruptcy Procedure, which makes Rule 15(a), Federal Rules of Civil Procedure, applicable to this proceeding. Rule 15(a) provides that leave of court to amend "shall be freely given when justice so requires." In the Eighth Circuit, the rule is a liberal one:

---

2. This recitation of facts is merely descriptive for purposes of determining the motions now before the Court. The Court makes no final findings or conclusions of facts in this Order.

3. Section 547(b) provides for avoidance of any transfer of an interest of the debtor in property. Under the earmarking doctrine, courts have held that an advance of funds by third parties with instructions to pay is not a preference. The doctrine is based upon the rationale that since the funds were provided by a third party, the debtor had no actual control over their disbursement, and the estate is not diminished by the payment, the payee should not be required to

As explained by the Supreme Court, absent a good reason for denial—such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment—leave to amend should be granted. *Foman v. Davis*, 371 U.S. 178, 182 ... 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Amendment of pleadings is to be liberally allowed, but the trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion.

*Thompson–El v. Jones*, 876 F.2d 66, 67 (8th Cir.1989). Upon a review of the facts of this case, the Court believes that Block should be permitted to amend its answer to include the additional defense of the "earmarking doctrine." The proposal is timely made and will not prejudice the plaintiff in any manner. Indeed, it may not even be necessary to plead the earmarking doctrine as an affirmative defense. The doctrine is an argument arising out of the language in section 547(b) which requires that, as an element of the trustee's proof, recovery be based upon a transfer of an interest of the debtor. Thus, while, as here, a careful attorney will plead such matters, the earmarking doctrine is not required to be pleaded as an affirmative defense since it is an element of the plaintiff's proof rather than an affirmative defense. *See In re Safe–T–Brake of South Florida, Inc.*, 162 B.R. 359 (Bankr.S.D.Fla.1993); *In re Titan Energy Corp.*, 82 B.R. 907 (Bankr. S.D.Ohio 1988).

■■ The Court notes, however, that Rule 8(b), Federal Rules of Civil Procedure, re-

---

return the funds. *See generally Buckley v. Jeld-Wen, Inc. (In re Interior Wood Products Co.)*, 986 F.2d 228 (8th Cir.1993); *Dubis v. Heritage Bank & Trust Co. (In re Kenosha Liquidation Corp.)*, 158 B.R. 774 (Bankr.E.D.Wis.1993); *Estate of Love v. First Interstate Bank of Montana (In re Love)*, 155 B.R. 225 (Bankr.D.Mont.1993); *Glinka v. Bank of Vermont (In re Kelton Motors, Inc.)*, 153 B.R. 417 (Bankr.D.Vt.1993).

4. Neither Manning nor Hurst are named as parties in the proposed amendment, presumably because Block obtained default judgments against them in the Kansas action.

quires that defenses be "short and plain." With regard to the earmarking doctrine, it is possible to assert the defense as a denial in the answer and, as an affirmative defense, in a single sentence. The requirement of a "short and plain" statement obviates briefing of the issue, citation of authority, or argument to the court. Accordingly, the defendant, while it may file and serve an amended answer asserting this defense, may not include a memorandum of law within its answer. Thus, the Court will grant the motion to amend the answer, but does not approve the proposed answer submitted to the Court.

### B. *The Proposed Cross- and Counterclaim*

■ Block's proposed cross claim against First Commercial Bank seeks a determination that First Commercial Bank's claim against the debtor on the $75,000 loan is unsecured. The motion asserts that this determination is a necessary part of Block's proof that the earmarking doctrine precludes the recovery of a preference. While it may be true the nature of the bank's security interest will be a part of Block's proof, requiring representatives of First Commercial Bank to testify at trial, their status as a witness is not grounds to make First Commercial a party to the action. Block can fully defend its case and assert the earmarking doctrine without the presence of First Commercial Bank as a party to the action. This is a preference action, a cause established by a simple, statutory formula. The fact that other persons have knowledge of the facts does not make them necessary or even desirable parties to the action. The mere fact that Block or some other creditor may at some time in the future wish to assert the unsecured status *against* First Commercial Bank in some other litigation, either in this Court or another court, is not sufficient reason to compel First Commercial Bank to appear as a party in this action.

Second, the proposed crossclaim is essentially an objection to a proof of claim, an action which generally rests with the trustee or debtor-in-possession. Assuming that First Commercial does in fact assert a secured claim,[5] until such time as demand is made upon the trustee, the demand is refused or ignored, and other elements are met, Block's standing to file a separate objection to the claim is questionable. *See generally In re Simon,* 179 B.R. 1 (Bankr.D.Mass. 1995) (stating requirements for creditor to file objection to claim).

■ Block seeks to assert a crossclaim against Russell Rawn which would request that this Court set aside orders of the Kansas state court. The court will not entertain such an "undesirable and unseemly" request. *Cf. Ingram v. Martrac Farms, Inc. (In re W.F. Hurley, Inc.),* 553 F.2d 1096, 1103 (8th Cir.1977). Should a party seek to set aside an order of court, application must be made to the court issuing the order. It has long been held that "If the proceeding is merely tantamount to the common-law practice of moving to set aside a judgment ... the United States court could not properly entertain jurisdiction of the case." *Little Rock Junction Ry. v. Burke,* 66 F. 83, 89 (8th Cir.1895). The federal courts have neither the power nor the inclination to control the proceedings in the state courts or to take appellate jurisdiction over them. *See id.; see also Partin v. Arkansas State Board of Law Examiners,* 863 F.Supp. 924 (E.D.Ark.1994) (Wilson, J.), *aff'd,* 56 F.3d 69 (8th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 308, 133 L.Ed.2d 212 (1995) (only higher state courts and the U.S. Supreme Court have authority to review state judicial decisions); *Swofford v. Shearson Lehman/American Express, Inc.,* 604 F.Supp. 1128 (E.D.Ark.1985) (Roy, J.). This Court cannot and will not take jurisdiction and make a determination of a *motion* that is pending in another Court. That is not only inappropriate, it is a jurisdictional and procedural absurdity. This Court will deny the proposed pleading which requests that this court review the orders and judgments of another court.

---

**5.** First Commercial does not even, at this point, necessarily have an interest, at least within the context of this litigation, in asserting its secured status. It is the debtor who has a litigation interest in the nature of the claim.

### III. *The Motions to Intervene*

■ The guarantors Rawn,[6] and Manning, seek permission to intervene in this action. Manning seeks intervention "for the purpose of protecting his interests if the Court determines that it should address the issue of whether the settlement agreement ... should be set aside." Rawn claims that he has an interest in the "transactions ... some of which are the subject of this action." He therefore requests that (1) First Commercial be joined as a party, (2) that the Court determine whether the settlement agreement entered into in the Kansas state court litigation should be set aside; and (3) that the rights and obligations of all parties concerning the promissory note be "resolved." The proposed intervenors do not seek affirmative relief against any particular entity. Nor do they offer pleadings. They merely request that the Court "resolve" issues, seeking to lurk about the court file as parties without a cause. *See* Fed.R.Civ.Proc. 24(c) ("A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and *shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought.*") (emphasis added); *cf. Independent Party of Arkansas v. Priest*, 907 F.Supp. 1276 (E.D.Ark.1995) (discussing role of intervenor—as a party, *i.e.*, plaintiff or defendant).

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as of right, and, as a discretionary matter for the Court. Intervention may be made upon timely application by anyone who

> claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impeded the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.Proc. 24(a). Alternatively, a court may permit any party to intervene, upon a timely application

when an applicant's claim or defense and the main action have a question of law or fact in common.

Fed.R.Civ.Proc. 24(b). To the extent the applicants seek intervention of right, the motions will be denied for two reasons. First, as a practical matter, the action does not in fact impair or impede their ability to protect their "interest." Secondly, the interests of the applicants are adequately protected by existing parties.

Rawn's claim that he "is so situated that the disposition of this action may, as a practical matter, impair or impede his ability to protect that interest" is an incorrect conclusion. There is no affirmative or defensive pleading that Rawn can assert which will affect the outcome of this action. As guarantor, he does not take part in the preference action: a preference action is simply a formulaic statutory action against a creditor for recovery of specific property or a specific amount of money; in this case, $75,000. There is simply no role for the guarantor in this action. It is only once the preference litigation is concluded that Rawn may actually have a role in litigation, but then not in this Court, only in the Kansas state court. *Compare United States v. E.O.A. Senior House, Inc.*, 786 F.Supp. 785, 787 (E.D.Ark. 1992) (Eisele, J.) ("The resolution of this action may indeed affect Mr. Jeffries' ability to collect any judgment rendered in a second lawsuit ... That circumstance, however, does not warrant [his] intervention in this action.").

Secondly, Block can adequately protect Rawn's interest. Block's interest in this litigation is to avoid paying the $75,000. Rawn's obvious concern is also that Block not have to pay that $75,000. Their respective interests and concerns are thus virtually identical. *Compare Arkansas Power & Light Company v. Arkansas Public Service Commission*, 107 F.R.D. 335, 342 (E.D.Ark. 1985) (Waters, J.) ("From a financial point of view, any ruling favorable to AP & L is favorable to the financial institutions, insofar

---

**6.** The motion is filed on behalf of Russell and Betty Rawn. Because it does not appear that Mrs. Rawn had any role in the transactions, and for convenience, the Court refers only to Russell Rawn as the proposed intervenor.

as this litigation is concerned.... The reasoning posited by the financial institutions would allow intervention as of right on behalf of any bank in a divorce action, for example, merely because one of the parties is a current debtor on an unsecured line of credit.").

Block's interest is not diminished by the fact that guarantors exist, or, rather, previously existed. Even if the preference is recovered, there exists a settlement agreement, satisfaction of judgment, and an order of dismissal which precludes Block from pursuing Rawn. Only if the preference is recovered will Block even have an interest in prosecuting its motion in the state court to set aside the orders of that Court. Inasmuch as the only allegation in the state court motion is that the principals of the debtor *might* have been thinking about bankruptcy at the time of the settlement, and such thoughts *might* be indicative of fraud, it seems to this Court, at best, a weak argument for setting aside the dismissal. That a bankruptcy may be filed by a troubled corporation can and should be, and often is, contemplated during settlement negotiations and that eventuality is incorporated into final documents. That the parties neglected to provide for this potential is not necessarily an indication of fraud on the part of the debtor's principals.[7] Thus, before there can be any liability on the part of the guarantors, there must first be an Order of this Court awarding judgment in favor of the debtor, and second, an order of the Kansas state court setting aside the settlement agreement and related documents, including a satisfaction of judgment and an order of dismissal with prejudice. Any impairment is simply too attenuated and based upon possible future litigation to merit intervention in this litigation.

Permissive intervention under Rule 24(b) will also be denied because the rule requires a claim or defense within the context of the action. Again, the essential flaw in the motions is that guarantors have no role as an interested party in a preference action. To be sure, guarantors are *always* concerned about preference actions, for it is to the guarantor that a bank looks to if a preference is awarded in favor of the trustee. It is axiomatic that the outcome of preference action, as in most litigation, might have repercussions upon a guarantor's pocketbook. However, the mere fact that a preference defendant may later seek redress from the guarantor is not necessarily an impairment of an interest within the meaning of Rule 24. *Cf. Arkansas Power & Light Company v. Arkansas Public Service Commission,* 107 F.R.D. 335, 341 (E.D.Ark.1985) ("In any event, even if AP & L 'may' take 'certain actions' which are 'improper' or 'detrimental' to Stephens, this does not give rise to a right to intervene in this matter.").

The core rationale for the machinations of Block and, particularly the guarantors, is that the situation seems unfair. In order to argue equity, they therefore wish to bring many extraneous matters, and even matters over which this Court has no jurisdiction. While it may be true that some provisions of the Bankruptcy Code permit the Court to balance equities, *see e.g.,* 11 U.S.C. § 363(h),[8] the preference provisions of section 547 provide for no such balancing. The ramifications, *i.e.,* the perceived inequities,[9] that may follow a finding of a preference are not relevant to the preference action such that the presence of additional parties, those who may be affected by a preference, are unnecessary. The subject of this litigation is specific, $75,000. While it is true that the outcome of this litigation may have an impact upon Manning and Rawn, that alone is not sufficient grounds for intervention in the preference action. Further, the applicants' interests are

---

7. Of course, this is an issue solely for the state court to be decided under Kansas law.

8. Under section 363(h), the trustee may sell property in which other parties have an interest unless the detriment to the co-owners outweighs the benefit to the estate. Thus, in such a situation, a balancing of equities is relevant.

9. Section 547 exists to effect fairness *to all creditors* by deterring a race to the courthouse and, more importantly, facilitating equality of distribution. *See generally,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6138; *Southern Technical College, Inc. v. Hood,* 89 F.3d 1381, 1384 (8th Cir.1996); *Halverson v. LeSueur State Bank (In re Willaert),* 944 F.2d 463, 464 (8th Cir.1991).

protected by a party currently in the litigation, Block.

**ORDERED:** as follows:

1. The Motion to Intervene and to Join a Party Pursuant to Rule 7019 of the Bankruptcy Rules, filed on December 16, 1996, by Russell and Betty Rawn, is DENIED;

2. The Motion to Intervene and to Join a Party Pursuant to Rule 7019 of the Bankruptcy Rules, filed on January 2, 1997, by Jim Manning, is DENIED;

3. The Amended Motion to Intervene, filed on January 29, 1997, by Jim Manning, is DENIED; and

4. The Motion to Amend Answer to Complaint and File Cross Claim against First Commercial Bank, N.A. and Russell D. Rawn and Counterclaim against International Ventures, Inc., filed by Block Properties VII on January 3, 1997, is GRANTED in part and DENIED in part. Block Properties VII may **file and serve an amended answer within ten (10) days** of entry of this Order. All other requests to plead further are DENIED.

**IT IS SO ORDERED.**