McMILLIAN, Circuit Judge.
 

 Jeld-Wen, Inc., an Oregon corporation, appeals from a final judgment entered in the District Court
 
 [1]
 
 for the District of Minnesota which affirmed the judgment entered in the United States Bankruptcy Court
 
 [2]
 
 ordering Jeld-Wen to return $125,-194.04 to the bankruptcy estate. For reversal, Jeld-Wen argues the payment was not a voidable preferential transfer be
 
 *230
 
 cause it was not paid with property of the debtor and did not diminish the debtor’s estate. For the reasons discussed below, we affirm the judgment of the district court.
 

 BACKGROUND
 

 Interior Wood Products Co. (Interior Wood) is a Minnesota corporation which sold wood doors, windows, millwork, and related goods. Interior Wood owed Ponde-rosa Mouldings, Inc., an unsecured debt in the amount of $125,194.04. Sometime thereafter, Jeld-Wen acquired Ponderosa Mouldings, Inc., which became Ponderosa Mouldings Division (Ponderosa) of Jeld-Wen, Inc. Jeld-Wen also owns 51% of Jordan Millwork Co. (Jordan), a South Dakota corporation.
 

 Late in 1988, Interior Wood was having severe financial difficulty and entered into negotiations to sell its assets to Jordan. Each party was represented by counsel during the negotiations. In January 1989, the negotiations resulted in an Asset Purchase Agreement (APA) which provided that Interior Wood would sell its assets to Jordan, cease doing business, and refer its customers to Jordan.
 

 In addition to buying the assets, Jordan agreed to purchase Non-Competition Agreements from two Interior Wood insiders and to assume the debt owed by Interi- or Wood to Ponderosa as well as three other unsecured debts. The total amount of these unsecured debts was $339,689.66, which, pursuant to the APA, was to be paid from the “Purchase Price” by Jordan on behalf of Interior Wood. Jordan also was entitled to a potential payment from Interi- or Wood for any accounts receivable purchased that could not be collected within 120 days after closing.
 

 An Involuntary Petition for Relief in Chapter 7 bankruptcy was filed against Interior Wood on March 24, 1989, and an Order for Relief was entered against Interior Wood on May 9, 1989. Sheridan J. Buckley, the trustee in bankruptcy, brought this action alleging that Jeld-Wen received a preferential transfer in the amount of $125,194.04, because Jordan paid Interior Wood’s debt to Ponderosa, then a part of Jeld-Wen, when Jordan acquired Interior Wood’s assets. The bankruptcy court agreed with the trustee’s characterization of the transaction and determined that the payment to Jeld-Wen by Jordan constituted a preference under 11 U.S.C. § 547(b) (1982).
 
 In re Interior Wood Products Co.,
 
 No. 3-89-1080, slip op. at 2 (Bankr.D.Minn. Nov. 5, 1991);
 
 id.,
 
 Hearing transcript at 142-43 (Oct. 24, 1991) (Oral findings of fact). Based on this finding, the bankruptcy court held that the payment was property of Interior Wood for purposes of a voidable preferential transfer.
 
 Id.,
 
 slip op. at 2. The district court affirmed the decision of the bankruptcy court.
 
 In re Interior Wood Products Co.,
 
 No. 3-91-786 (D.Minn. Feb. 21, 1992). This appeal followed.
 

 DISCUSSION
 

 We review the conclusions of law made by the bankruptcy court and the district court de novo.
 
 See In re Leser,
 
 939 F.2d 669, 671 (8th Cir.1991);
 
 In re Graven,
 
 936 F.2d 378, 384-85 (8th Cir.1991). Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor had asserted its claim in a Chapter 7 liquidation.
 
 See In re Jet Florida Systems, Inc.,
 
 861 F.2d 1555, 1558 n. 2 (11th Cir.1988);
 
 Brown v. First National Bank,
 
 748 F.2d 490, 491 (8th Cir.1984) (citing
 
 DeAngio v. DeAngio,
 
 554 F.2d 863, 864 (8th Cir.1977)).
 

 DIMINUTION OF ESTATE
 

 Jeld-Wen concedes that five of the six statutory requirements of 11 U.S.C. § 547(b) are present here, but argues that the first element of a statutory preference is not present — the transfer was not an interest of the debtor in property. Jeld-Wen argues that, although not expressly
 
 *231
 
 provided by the statute, “it is implicit from the language used that the transfer must result in a diminution of the bankruptcy estate.”
 
 Palmer v. Radio Corp. of America,
 
 453 F.2d 1133, 1135 (5th Cir.1971) (citing
 
 National Bank v. National Herkimer County Bank,
 
 225 U.S. 178, 32 S.Ct. 633, 56 L.Ed. 1042 (1912)). Jeld-Wen argues that the payment by Jordan to Interior Wood’s unsecured creditors, including Ponderosa (then a division of Jeld-Wen), was not paid with property of Interior Wood and did not diminish the debtor’s estate. Jeld-Wen argues that in order to constitute a voidable preference, the transaction must involve a transfer of property of the debtor that would otherwise have been available for payment of the debtor’s unsecured claims. Jeld-Wen asserts that a third party payment made to a creditor of an insolvent debtor will not result in the diminution of the debtor’s estate unless the payment was made at the direction of the debtor or from funds under the control of the debtor. Jeld-Wen contends that it and Jordan acted independently of Interior Wood and that Interior Wood did not control or direct the transfer of the funds used to consummate the transfer.
 

 The trustee argues the district court correctly held that the payment was property of Interior Wood because the transfer was made as part of the purchase price and would have been available to satisfy Interi- or Wood’s unsecured debts if it had not been transferred to Jeld-Wen. The trustee further argues that where a buyer purchases property of a debtor and part of the purchase price is to be paid to selected creditors of the debtor, the payment constitutes a transfer of an interest of the debtor in property. The trustee contends that although the cash for the payment to Jeld-Wen came from Jordan, it was physically transferred from Interior Wood’s attorney’s bank account to Jeld-Wen as the initial transferee. The trustee claims this transfer into escrow should still be considered a preference regardless of whether it diminished the debtor’s estate.
 

 There is no statutory requirement that there be a diminution of the debtor’s estate; however, many courts have found such a requirement implicit in the language of the statute.
 
 See In re Abramson,
 
 715 F.2d 934, 938 (5th Cir.1983);
 
 Palmer v. Radio Corp. of America,
 
 453 F.2d at 1135 n. 3. We agree with the district court that the other requirements of 11 U.S.C. § 547(b) are not in dispute and have clearly been met. It is irrelevant whether Jeld-Wen was paid directly by Interior Wood or indirectly by Jordan because the transfer was of Interior Wood’s property. The fact that the payment went through Interior Wood’s attorney, who acted as an escrow agent for the unsecured creditors, does not refute the fact that the payment was made from Interior Wood’s property and thus implicitly diminished the bankruptcy estate. A transfer of the debtor’s property is not immune from recovery as a voidable preference merely because it was not transferred directly by the debtor, but through an escrow account.
 
 Feinblatt v. Block,
 
 456 F.Supp. 776, 780 (D.Md.1978);
 
 In re Stop-N-Go of Elmira, Inc.,
 
 30 B.R. 721, 726 (Bankr.W.D.N.Y.1983).
 

 EARMARKING DOCTRINE
 

 Jeld-Wen next contends that the district court erred in holding that the earmarking doctrine, which exists as a judicially created defense to preference actions, is not applicable to this situation. The earmarking doctrine is typically applicable when a third party makes a loan to a debtor specifically to enable the debtor to satisfy the debt of a designated creditor. In other words, a new creditor is substituted for an old creditor.
 
 In re Grabill Corp.,
 
 135 B.R. 101, 108 (Bankr.N.D.Ill.1991) (Nos. 89 B 1639-89 B 1643). In these instances, courts have held that the funds do not become part of the debtor’s property, and no voidable preference is created.
 
 See In re Bohlen Enterprises, Ltd.,
 
 859 F.2d 561, 564-65 (8th Cir.1988);
 
 In re EUA Power Corp.,
 
 147 B.R. 634, 642 (Bankr.D.N.H.1992);
 
 In re Grabill,
 
 135 B.R. at 109. Jeld-Wen argues there was an agreement between Jordan and Interior Wood that the new funds provided by Jordan would be used to pay the debt of a designated creditor (Interior Wood’s debt to the
 
 *232
 
 Ponderosa division of Jeld-Wen), the agreement was performed according to its terms, and the transactions viewed as a whole did not result in a diminution of the bankruptcy estate; therefore, the transaction should not be considered a voidable preference under the earmarking doctrine.
 

 The district court found, and we agree, that the agreement between Jordan and Interior Wood did result in a voidable preference. The purchase price was clearly set by the APA. The intent of the parties is not a factor to consider when determining if the payment constituted a voidable preference. Although the earmarking doctrine is widely accepted as a valid defense against a voidable preference claim, it is not applicable to the facts of the present case because Jordan did not make a loan to Interior Wood so that Interior Wood could pay the Ponderosa division of Jeld-Wen; rather, Jordan paid Jeld-Wen on behalf of Interior Wood. Interior Wood was under no obligation to repay Jordan; therefore, this transaction did not substitute a new creditor (Jordan) for an old creditor (Ponderosa division of Jeld-Wen), which is a key factor characteristic of the earmarking doctrine.
 

 CONCLUSION
 

 We agree with the district court that the payment to Jeld-Wen by Jordan was a transfer of property of the debtor on account of an antecedent debt while the debt- or was insolvent and as a result Jeld-Wen received more than it would have been entitled to in bankruptcy. Therefore, the transfer was a voidable preference under 11 U.S.C. § 547(b).
 

 Accordingly, we affirm the judgment of the district court.
 

 [1]
 

 . The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.
 

 [2]
 

 . The Honorable Dennis D. O’Brien, United States Bankruptcy Court Judge for the District of Minnesota.