In re Marilyn Kaye WARD, aka Marilyn Kaye Webb, Debtor.

Erlene W. Krigel, Appellee,

v.

Sterling National Bank, Appellant.

BAP No. 98–6063WM.

United States Bankruptcy Appellate Panel of the Eighth Circuit.

Submitted Dec. 10, 1998.

Decided Feb. 8, 1999.

Allan B. Gallas, Kansas City, MO, for appellant. Mark J. Schultz, Kansas City, MO, on brief.

Erlene W. Krigel, Kansas City, MO, for appellee. Karen S. Rosenberg, Kansas City, MO, on the brief.

Before: WILLIAM A. HILL, DREHER, and EDMONDS [1], Bankruptcy Judges.

EDMONDS, Bankruptcy Judge.

This is an appeal of the bankruptcy court's decision that the debtor's transfer of a security interest in her car to Sterling National Bank (Sterling) was avoidable as a preference under the Bankruptcy Code. We reverse. We do so based upon application of the earmarking doctrine, a theory of the case never presented to the bankruptcy court.

## I. FACTS

In 1996, Marilyn Kaye Ward (Ward) obtained a loan from Arcadia Financial, LTD (Arcadia) to buy a 1995 Dodge Intrepid automobile. Ward granted Arcadia a security interest in the car. Arcadia perfected its security interest, and its lien was noted on the Certificate of Title.

On April 23, 1997, Ward borrowed $12,-208.42 from Sterling to refinance the Arcadia loan. Ward signed and delivered to Sterling a promissory note and a security agreement which covered the Dodge Intrepid. She also delivered an Application for Missouri Title and License which listed Ward and her estranged husband, Calvin Webb, as owners. Webb did not sign the promissory note, but he granted Sterling a security interest in the car.

Sterling, in accordance with its agreement with Ward, paid off the Arcadia loan. Arcadia then released its lien on April 28, 1997. After Arcadia returned the title, Ward, as purchaser and seller, executed the assignment section on the back of the title. The purchaser was identified as "Marilyn Ward–Webb or Calvin Webb." In the same section,

---

1. The Honorable William L. Edmonds, Chief Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Iowa, sitting by designation.

Sterling was noted as lienholder. To perfect its security interest, Sterling submitted the necessary documents and fees to Missouri's Director of Revenue on June 6, 1997. This was 44 days after Sterling had loaned the money and Ward had granted Sterling the security interest.

Ward filed her chapter 7 petition on July 16, 1997. Erlene W. Krigel (Krigel) was appointed trustee. Krigel filed this adversary proceeding to avoid Ward's transfer of the lien to Sterling as a preference under 11 U.S.C. § 547(b). The lynchpin of Krigel's claim was that, because of the delay in perfection, the transfer of the security interest to Sterling was made at the time of the interest's perfection, not at the time of its creation. *See* 11 U.S.C. § 547(e)(2). Thus the transfer was on account of an antecedent debt.

When Sterling answered, it did not raise any affirmative defenses under 11 U.S.C. § 547(c). It denied that the transfer of the lien was a transfer of property of the debtor. The basis of the assertion was Sterling's contention that Arcadia had assigned its perfected lien to Sterling. The bankruptcy court rejected the assignment theory. The court viewed the transaction between Ward and Sterling as a purchase money transaction in which Ward had granted Sterling a purchase money lien. Because Sterling had failed to perfect its lien within 20 days of its creation, the court determined that Sterling was not entitled to the protection of 11 U.S.C. § 547(c)(3). The court concluded that Krigel had proven all the elements of a preference, and it avoided Sterling's lien. Judgment was entered for Krigel.

Sterling filed a motion asking the court to alter or amend judgment or to reconsider its decision. For the first time in the proceeding, Sterling raised an affirmative defense under 11 U.S.C. § 547(c). It asserted that the transfer of the lien was protected from avoidance under § 547(c)(4), the new value exception. Krigel responded that the new value exception was not applicable under the facts. Sterling filed "suggestions" in support of its motion, conceding that the new value exception did not apply, but disagreeing with the court's analysis of the transaction as a

purchase money loan. Sterling then, for the first time, raised a defense under § 547(c)(1), arguing that the transfer should be protected from avoidance because the transfer of the lien was a contemporaneous exchange for new value.

The bankruptcy court denied Sterling's motion. In analyzing Sterling's defense under § 547(c)(1), the court focused not on the conceded simultaneous exchange of loan and security interest, but rather on Sterling's later perfection of its interest. It determined that all the elements of a preference had been proven and that none of the exceptions to avoidance found in § 547(c) applied. Sterling filed this appeal.

## II. ISSUES PRESENTED

At oral argument, Sterling abandoned its contention that the transaction was an assignment of a lien from Arcadia to Sterling. It asserts two remaining grounds for reversal. Sterling argues that Krigel has failed to prove an essential element of a preference, that there was a transfer of the debtors property to Sterling. To support its argument, Sterling, for the first time, relies on the earmarking doctrine. As its second ground, Sterling contends that the transfer of the security interest is protected from avoidance under 11 U.S.C. § 547(c)(1) because it was a contemporaneous exchange for new value.

## III. DECISION

### A. Standard of Review

■ We review the bankruptcy courts' legal determinations *de novo*. *Gourley v. Usery (In re Usery)*, 123 F.3d 1089, 1093 (8th Cir.1997). The court's findings of fact are reviewed for clear error. *Id.;* Fed. R.Bankr.P. 8013. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). The bank-

ruptcy courts' determination that a transfer satisfies an element of a preference is a factual finding reviewable for clear error. *Lovett v. St. Johnsbury Trucking*, 931 F.2d 494, 497 (8th Cir.1991).

## B. Elements of a Preference; Burden of Proof

■ A trustee may avoid as a preference a pre-petition transfer by the debtor if the trustee can prove the following elements: (1) a transfer of an interest of the debtor in property; (2) the transfer was made to or for the benefit of a creditor; (3) the transfer was made for or on account of an antecedent debt owed by the debtor before such transfer was made; (4) the debtor was insolvent when the transfer was made; (5) the transfer was made on or within 90 days before the filing of the bankruptcy petition; and (6) the transfer enables the transferee to receive more by virtue of the transfer than the transferee would receive in the chapter 7 case, had the transfer not been made, and the transferee received payment of its claim to the extent provided under the Bankruptcy Code. *Buckley v. Jeld–Wen, Inc. (In re Interior Wood Products Co.)*, 986 F.2d 228, 230 (8th Cir. 1993); 11 U.S.C. § 547(b). The burden is on the trustee to prove each element of a preference by a preponderance of the evidence. *Matter of Prescott*, 805 F.2d 719, 726 (7th Cir.1986).

## C. Analysis

Sterling contends that the bankruptcy court erred in its factual finding that there had been a transfer of an interest of the debtor in property. Sterling says that because of the earmarking doctrine, there was no such transfer.

Earmarking is a court-established doctrine. It is an interpretation of the requirement that a preferential transfer must involve a transfer of property of the debtor. *McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enters., Ltd.)*, 859 F.2d 561, 565 (8th Cir.1988).

According to the earmarking doctrine, there is no avoidable transfer of the debtor's property interest when a new lender and a debtor agree to use loaned funds to pay a specified antecedent debt, the agreement's terms are actually performed, and the transaction viewed as a whole does not diminish the debtor's estate. No avoidable transfer is made because the loaned funds never become part of the debtor's property. Instead, a new creditor merely steps into the shoes of an old creditor.

*Kaler v. Community First Nat'l Bank (In re Heitkamp)*, 137 F.3d 1087, 1088–89 (8th Cir. 1998) (citations omitted).

Sterling claims that its transaction with Ward falls within the doctrine. Krigel argues that this court should not consider Sterling's earmarking argument because it was not raised before the trial court.

■ Appellate courts normally do not consider arguments on appeal that were not presented to the trial court. *Forbes v. Forbes (In re Forbes)*, 218 B.R. 48, 51 (8th Cir. BAP 1998) (citing *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976)). However, if the argument is not new but merely constitutes a shift in approach, we may consider it. *Universal Title Ins. Co. v. United States*, 942 F.2d 1311, 1314 (8th Cir.1991). Further, we have discretion to consider an issue for the first time on appeal "when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case." *Id.* at 1314–15.

■ We view Sterling's earmarking argument as a shift in approach, not as a new issue. In its answer, Sterling denied that it had received a transfer of property of the debtor. Although the basis of its denial was its assertion that it had received merely an assignment of Arcadia's lien, nonetheless, Sterling clearly put at issue whether there had been a transfer of debtor's property. Also, in its argument to the bankruptcy court, Sterling defended its position by asserting that the transaction was simply the substitution of one lien for the other.

■ Even if earmarking is a new issue in this case, it involves purely legal argument. Krigel has failed to point out any evidentiary impediment to deciding this appeal based on the doctrine. Her argument against our con-

sideration is only that Sterling had ample opportunity to argue earmarking to the trial court but did not. Whether it is a new approach or a new issue, Sterling's argument involves a purely legal issue as to which additional evidence would not affect the outcome. No new evidence is necessary. We therefore will consider Sterling's earmarking argument.

▇▇▇▇ Krigel has the burden of proving that the exception does not apply. *In re Heitkamp,* 137 F.3d 1087, 1089 (8th Cir. 1998). For the earmarking doctrine to pertain when a new lender is involved, the following facts or elements must be shown:

> (1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specified antecedent debt,
>
> (2) performance of that agreement according to its terms, and
>
> (3) the transaction viewed as a whole (including the transfer in of the new funds and the transfer out to the old creditor) does not result in any diminution of the estate.

*In re Bohlen Enters., Ltd.,* 859 F.2d at 566.

The evidence submitted to the bankruptcy court is sufficient to find earmarking, and the Eighth Circuit's decision in *Heitkamp* compels the use of the doctrine under these facts. *Heitkamp* represents a major change in the application of the doctrine in this circuit. Prior to *Heitkamp,* the doctrine was considered in cases which focused on whether a transfer to an old or previous creditor was preferential. *Stover v. Fulkerson (In re Bruening),* 113 F.3d 838 (8th Cir.1997); *Buckley v. Jeld–Wen, Inc. (In re Interior Wood Products Co.),* 986 F.2d 228 (8th Cir. 1993); *Brown v. Mt. Prospect State Bank (In re Muncrief),* 900 F.2d 1220 (8th Cir.1990); *McCuskey v. Nat'l Bank of Waterloo (In re Bohlen Enters., Ltd.),* 859 F.2d 561 (8th Cir. 1988); *Brown v. First Nat'l Bank of Little Rock (In re Ark–La Materials. Inc.),* 748 F.2d 490 (8th Cir.1984); *Forker v. Duenow Management Corp. (In re Calvert),* 227 B.R. 153 (8th Cir. BAP 1998). In *Heitkamp,* the circuit court for the first time was concerned with whether the earmarking doctrine applied in a case where the transaction being attacked was a transfer of security to a new creditor which had loaned the money for payment to the old creditor.

The facts in *Heitkamp* were these. The Heitkamps were building a house for resale. They were indebted to several subcontractors, and they obtained a loan from a bank in order to pay them. The Heitkamps gave the bank a mortgage on the property to secure the new loan. The bank, in accordance with its agreement with the Heitkamps, distributed the loan proceeds directly to the subcontractors. The Heitkamps obtained lien waivers from the subcontractors. "Because of an oversight," the bank did not record its real estate mortgage for at least three months. *Heitkamp,* 137 F.3d at 1088. When the Heitkamps filed their chapter 7 petition, the trustee brought a proceeding against the bank to avoid the transfer of the mortgage interest. *Id.* The bankruptcy court rejected the earmarking defense and set aside the transfer of the mortgage. The district court affirmed. The circuit court, however, concluded that there had been no preference because no property of the debtor had been transferred. *Id.* at 1089. In reaching that conclusion, it applied the earmarking doctrine. It found there was an agreement by the bank (a new lender) to pay specific pre-existing debts of the Heitkamps to the subcontractors (the old lenders); the agreement had been performed according to its terms; and the transfer did not diminish the amount of debtors' estate available for distribution to creditors. *Id.*

The court observed that the transfer of the mortgage had not diminished the debtors estate because "[t]he Heitkamps' assets and net obligations remained the same. Essentially, the bank took over the subcontractors' security interest in the house." *Id.* The court pointed out that the subcontractors had statutory liens against the property, and that they waived their lien rights in return for the payments from the bank. The court held that

> [b]ecause the transfer of the mortgage interest to the bank merely replaced the subcontractors' security interest, there was no transfer of the Heitkamps' property

interest avoidable under § 547(b). In these circumstances, recognition of the bank's security interest does not give the bank an unfair advantage over other creditors.

*Id.*

 After *Heitkamp,* preference attacks on transfers to new creditors in earmarking situations must be analyzed in terms of this net result rule to determine if there has been a transfer of property of the debtor. The facts in this proceeding appear to be on all fours with *Heitkamp,* and they support application of the doctrine. Sterling loaned money to Ward specifically to pay off her debt to Arcadia. The agreement was performed according to its terms, with Sterling disbursing the funds directly to Arcadia, which released its lien. Sterling perfected its lien prior to Ward's bankruptcy filing. Sterling's lien, despite later perfection, in effect was substituted for the lien of Arcadia which it paid off. Because Sterling's lien merely replaced Arcadia's lien, there was no transfer of Ward's property which is avoidable under § 547(b). *Heitkamp,* 137 F.3d at 1089.

The bankruptcy court found that Ward's transfer of a security interest in her car to Sterling was a transfer of an interest of the debtor in property. Under *Heitkamp,* this finding was clearly erroneous. Accordingly, the bankruptcy court's decision must be reversed. Because we find that there was no transfer of an interest of the debtor in property, we do not reach the issue of whether there was a contemporaneous exchange for new value.

## CONCLUSION

We reverse the Order and Judgment of the bankruptcy court and remand for entry of judgment consistent with this ruling.