## FURTHER YOUR AFFIANT SAYETH NAUGHT.

### In re Jon W. DAVIS, Louann E. Davis, Debtors.

### Patricia A. Brown, Trustee, Plaintiff,

### v.

### Jon W. Davis, Louann E. Davis, and John Baird, Trustee of the John Baird Trust, Defendants.

Bankruptcy No. 98–62229.
Adversary No. 99–6036–ABF.

United States Bankruptcy Court,
W.D. Missouri,
Western Division.

Oct. 20, 1999.

J. Kevin Checkett, Checkett & Pauly, Carthage, MO, for plaintiff.

Frank E. Bysfield, III, Prairie Village, KS, Danny R. Nelson, Lathrop & Gage, Springfield, MO, for Jon and Louann Davis.

David E. Schroeder, Springfield, MO, for John Baird.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Bankruptcy Judge.

Patricia A. Brown, as trustee in this Chapter 7 case, filed a two-count complaint seeking turnover of a vehicle owned by the debtors, Jon and LouAnn Davis, and seeking to avoid a lien on such vehicle claimed by John Baird, as trustee of the John Baird Trust. ("Baird Trust") This is a core proceeding under 28 U.S.C. § 157(b)(2)(E) and (F) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1). For the reasons set forth below, I find in favor of the plaintiff.

## FACTUAL BACKGROUND

The parties stipulated to all relevant facts. On October 24, 1998, debtors purchased a 1995 Ford F–150 pickup truck from Woody's Dodge Jeep Eagle ("the Dealer"), of Chillicothe, Missouri. Debtors took possession of the vehicle at that time, but did not pay for it. Instead, on the date of possession, the debtors executed and delivered to Arcadia Financial a promissory note, as well as a security agreement granting a security interest in such truck. Arcadia did not, however, advance funds at that time. On November 10, 1998, the debtors paid sales tax and licensed the truck. Also on November 10, 1998, the debtors filed their Application for Title and delivered the required application fee and original Certificate of Title on the truck to the Missouri Director of Revenue. The title as issued to debtors listed them as owners of the vehicle, and also listed Arcadia as the lienholder. Arcadia, however, refused to fund the loan for the purchase of the vehicle, apparently be-

cause Mr. Davis was laid off immediately after he purchased the vehicle. As a result, the debtors remained obligated to the dealer which had sold them the vehicle, and not to Arcadia. Arcadia officially released its lien on the truck on or about November 25, 1998. The debtors filed their Chapter 7 bankruptcy case on December 18, 1998. Subsequently, on January 6, 1999, the debtors entered into a loan agreement with the Baird Trust, for a loan to fund the purchase of the 1995 Ford pickup truck. John Baird, the trustee of such trust, is the father of debtor LouAnn Davis. The amount advanced by the Baird Trust was $14,345.00, which was paid by the trust directly to the dealer in satisfaction of the debtors' obligation to such dealer.

## DISCUSSION

Section 549 of the Bankruptcy Code provides in relevant part as follows:

*Section 549—Postpetition Transactions.*
(a) Except as provided in subsections (b) or
(c) of this section, the trustee may avoid a transfer of property of the estate—
   (1) that occurs after the commencement of the case; and
   (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or
     (B) that is not authorized under this title or by the court.[1]

■ Baird advanced the funds, and was granted a lien on the truck, subsequent to the filing of the Chapter 7 petition. Thus, since the granting of a security interest in property owned by the debtor is a transfer of property of the debtor, and since such transfer occurred postpetition, and was not authorized by either the Bankruptcy Code or the Court, the granting of a security interest to the Baird Trust is voidable under Section 549.

■ At trial, defendants argued that the earmarking doctrine should be applied to insulate from attack the transfer of such security interest to the Baird Trust. The Eighth Circuit recently applied the earmarking doctrine in favor of a bank which lent a debtor funds to pay off subcontractors with lien rights against the debtor's property. The bank had intended to take a mortgage in place of the subcontractors' lien rights, but had failed to immediately record such mortgage.[2] In finding that the grant of a security interest to the bank at a later time, during the preference period, was protected by the earmarking doctrine, the Court explained that under the earmarking doctrine, "there is no avoidable transfer of the debtor's property interest when a new lender and a debtor agree to use loaned funds to pay a specified antecedent debt, the agreement's terms are actually performed, and the transaction viewed as a whole does not diminish the debtor's estate.[3] The Court went on to explain that "replacing one creditor with another of equal priority does not diminish the estate, and thus no voidable [transfer] results."[4] As the Bankruptcy Appellate Panel for the Eighth Circuit has explained *Heitkamp,* "preference attacks on transfers to new creditors in earmarking situations must be analyzed in terms of [the] net result rule to determine if there has been a transfer of property of the debtor."[5] Thus, in *Heitkamp,* since the bank succeeded to the subcontractors' lien interests in the house, there was no net effect on the estate. As a result, the Eighth Circuit held, there was no transfer of property of the estate resulting from the grant to the bank of a new security interest.

1. 11 U.S.C. § 549.
2. *In re Heitkamp,* 137 F.3d 1087 (8th Cir. 1998).
3. 137 F.3d at 1088.
4. *Id.* at 1089.
5. *In re Ward,* 230 B.R. 115, 120, (8th Cir. BAP 1999).

In this case, however, the granting of a security interest to the Baird Trust did result in a diminution of property of the estate. On the date the Chapter 7 case was filed, December 18, 1998, there was no valid lien on the truck. Arcadia, which had never advanced any funds, had in any event released its lien on November 25, 1998. And the dealer, which had sold the truck to debtors on credit, had obtained neither a promissory note, nor a security agreement, nor a notation listing its lien on the Certificate of Title. A bankruptcy trustee holds, as of the commencement of the case, the rights and powers of a perfect lien creditor.[6] As of the commencement of the Chapter 7 case, there was no valid lien on the truck, so the value of that truck, less any applicable exemptions, should have been available to the trustee for the benefit of all unsecured creditors, including the dealer which had sold the vehicle but not obtained a lien. In making a loan to the debtors, and taking a lien on such vehicle, the Baird Trust did not replace another creditor with equal priority. Instead, the Baird Trust paid off an unsecured creditor and substituted itself as a secured creditor holding a lien on an asset of the estate. Thus, the net result of the transaction was a diminution of property of the estate, so the earmarking doctrine is not applicable.

For these reasons, an Order will be entered directing the Clerk to enter judgment in favor of the plaintiff-trustee on Count I, and ordering the debtors to turn over the 1995 Ford F–150 truck to the trustee. In addition, judgment will be entered in favor of the plaintiff-trustee and against John Baird, trustee of the John Baird Trust, avoiding the lien granted to such trust.