**In re Mark FRANCIS d/b/a Tech Glass and Body Parts.**

**James C. Luker, Trustee, Plaintiff,**

v.

**Lewis Auto Glass, Inc. and Midwest Auto Body Panels, Inc., Defendants.**

Bankruptcy No. 97–31344M.
Adversary No. 99–3050.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Aug. 23, 2000.

---

24. *See Anastasoff v. United States of America,* 223 F.3d 898 (8th Cir.2000).

25. *Id.* at 901–03.

26. *Id.*

27. *Id.*

28. *Id.* at 903–04.

**144**

Warren Dupwe, Jonesboro, AR, for debtor.

Harry Hurst, Jonesboro, AR, for Midwest Auto Panels, Inc.

William C. Ayers, West Memphis, AR, for trustee.

## MEMORANDUM OPINION

JAMES G. MIXON, Bankruptcy Judge.

Mark Francis ("Debtor") filed a voluntary petition for relief under the provisions of chapter 7 of the United States Bankruptcy Code on November 20, 1997, and the plaintiff, James C. Luker, was appointed Trustee. On September 15, 1999, the Trustee filed a complaint against Midwest Auto Body Panels, Inc., ("Midwest") to recover an alleged preferential transfer of $15,000.00.[1] Midwest filed a timely answer. Trial on the merits was held in Jonesboro, Arkansas, on April 18, 2000, and the matter was taken under advisement.

The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F) (1994), and the Court has jurisdiction to enter a final judgment in this case. The following shall constitute the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### FACTS

The facts are not in dispute. The Debtor was engaged in the automobile glass business as an individual proprietorship. In the fall of 1997, his business was losing money, and by September, he had accounts payable totaling $161,000.00. Among his accounts payable was a debt owed to Midwest in the sum of approximately $15,000.00. The Debtor had written four postdated checks to Midwest which failed to clear the bank by the time he closed the business in September 1997.

In October 1997, the Debtor, fearful of criminal prosecution because of the returned checks, obtained a personal loan from a family member in the sum of $15,-000.00. The loan proceeds were placed in

---

**1.** The Trustee also named Lewis Auto Glass, Inc., as a defendant in the preference action but settled that portion of the adversary proceeding before trial.

the Debtor's personal account on October 10, 1997, and on the same day, the Debtor used the loan proceeds to purchase a cashier's check for $15,000.00 payable to Midwest.

The Trustee argues in his brief that the payment made by the Debtor in the sum of $15,000.00 is a voidable preference under the Bankruptcy Code. Midwest contends that the earmarking doctrine applies to this case and, therefore, that the payment was not a transfer of an interest of the Debtor's property as required by the preference statute.

## DISCUSSION

■ The Bankruptcy Code provides in relevant part that the trustee may avoid as a preference any transfer of an interest of the debtor in property:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

  (A) on or within 90 days before the date of the filing of the petition, or

  (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

  (A) the case were a case under chapter 7 of this title;

  (B) the transfer had not been made; and

  (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b) (1994).

Midwest argues that the transfer of the sums in question was not a transfer of an interest in the Debtor's property because of the earmarking doctrine and, therefore, no preference occurred. Midwest does not dispute that all of the other elements of a preference have been established.

The earmarking doctrine is a court-made doctrine first appearing under the Bankruptcy Act of 1898. *Gray v. Travelers Ins. Co. (In re Neponset River Paper Co.)*, 231 B.R. 829, 834 (1st Cir. BAP 1999) (observing that the doctrine arose to protect third party guarantors from double payment under the Act's preference statute); David Gray Carlson & William H. Widen, "The Earmarking Defense to Voidable Preference Liability: A Reconceptualization," 73 Am.Bankr.L.J. 591, 592 (Summer 1999) (stating that Judge Learned Hand invented earmarking in a case decided under the Act). *See, e.g., Smyth v. Kaufman*, 114 F.2d 40, 42–43 (2nd Cir. 1940) (finding under the Act that transfers were preferences and not earmarked proceeds); *Grubb v. General Contract Purchase Corp.*, 94 F.2d 70, 72 (2nd Cir.1938) (applying the earmarking doctrine under the Act).

■ Generally, the doctrine applies when a third party lends money to the debtor for the specific purpose of paying a selected creditor. The transfer from the debtor to the selected creditor is deemed "earmarked." *In re Smith*, 966 F.2d 1527, 1533 (7th Cir.1992) (citing *McCuskey v. National Bank of Waterloo (In re Bohlen Enters., Ltd.)*, 859 F.2d 561 (8th Cir.1988)).

■ The rationale for the creation of the earmarking doctrine under the Bankruptcy Act was that a transfer cannot be a preference if the transfer does not diminish the estate. *New York County Nat'l Bank v. Massey*, 192 U.S. 138, 148–49, 24 S.Ct. 199, 48 L.Ed. 380 (1904); *National Bank of Newport v. Herkimer County Bank*, 225 U.S. 178, 185, 32 S.Ct. 633, 56 L.Ed. 1042 (1912) (citing *Rector v. City Deposit Bank Co.*, 200 U.S. 405, 419, 26 S.Ct. 289, 50 L.Ed. 527 (1906); *Western Tie and Timber Co. v. Brown*, 196 U.S. 502, 509, 25 S.Ct. 339, 49 L.Ed. 571 (1905)).

For example, a transfer does not diminish the estate when a surety pays his principal's debt. *Grubb*, 94 F.2d at 72 (citing *National Bank of Newport*, 225 U.S. at 178, 32 S.Ct. 633; *Bielaski v. National City Bank*, 68 F.2d 723 (2d Cir.1934)). This is so because in the case of a surety who pays his principal's debt, the principal (or debtor) has no control of the property transferred and, thus, the transfer did not involve the debtor's property. *Grubb*, 94 F.2d at 72.

The concept was first named in *Smyth v. Kaufman* when the court remarked that this doctrine would apply if the funds transferred were proceeds of a loan made for a specific purpose or "earmarked" by the lender. *Smyth*, 114 F.2d at 43. From these early cases, the earmarking doctrine has developed.

The 8th Circuit Court of Appeals has recognized this doctrine, stating:

> [If] payment to a creditor is made by one liable as an indorser ... out of his own funds, the creditor has not received a preference ... It does not matter that in the course of the transaction the party secondarily liable may have paid the money to the debtor ... for in such a case the debtor took the money charged with a fiduciary obligation to employ it toward extinguishment of the particular debt, and the money the creditor received was never a general asset of the debtor.

*Brown v. First Nat'l Bank of Little Rock*, 748 F.2d 490, 492 n. 6 (8th Cir.1984) citing *Grubb v. General Contract Purchase Corp.*, 18 F.Supp. 680, 682 (S.D.N.Y.1937) (citations omitted), *aff'd*, 94 F.2d 70 (2d Cir.1938).

■ In the case of *In re Bohlen Enterprises, Ltd.*, the Court of Appeals for the Eighth Circuit directly considered the applicability of the earmarking doctrine. The court observed that earmarking has been extended beyond the guarantor situation and now applies when "the new creditor is not a guarantor but merely loans funds to the debtor for the purpose of enabling the debtor to pay the old creditor." *In re Bohlen Enters., Ltd.*, 859 F.2d at 566. The rationales for the extension of the doctrine were "that the debtor did not have 'control' of the new money and that the transaction did not diminish the debtor's estate." *In re Bohlen Enters., Ltd.*, 859 F.2d at 566.

■ The court held that a transaction must meet three requirements before earmarking applied. These include:

(1) the existence of an agreement between the new lender and the debtor that the new funds will be used to pay a specific antecedent debt;

(2) performance of that agreement according to its terms, and

(3) the transaction viewed as a whole (including the transfer in of the new funds and the transfer out to the old creditor) does not result in any diminution of the estate.

*In re Bohlen Enters., Ltd.*, 859 F.2d at 566.

In dictum, the court condemned the extension of earmarking to non-guarantor situations but nevertheless applied the doctrine in holding that in the case before it, the agreement was not performed according to its terms. Thus, the second requirement under the earmarking analysis was not fulfilled. *In re Bohlen Enters., Ltd.*, 859 F.2d at 567.

In 1992, the Eighth Circuit Court of Appeals revisited the applicability of the earmarking doctrine. *See, Buckley v. Jeld–Wen, Inc. (Interior Wood Products Co.)*, 986 F.2d 228 (8th Cir.1993). The court observed that the earmarking doctrine is applicable "when a third party makes a loan to a debtor specifically to enable the debtor to satisfy the debt of a designated creditor.... In these instances, courts have held that the funds do not become part of the debtor's property and no voidable preference is created." *In re Interior Wood Products Co.*, 986 F.2d at 231 (citing *In re Bohlen Enters., Ltd.*, 859

F.2d at 564–65; *In re EUA Power Corp.*, 147 B.R. 634, 642 (Bankr.D.N.H.1992); *In re Grabill*, 135 B.R. 101, 109 (Bankr. N.D.Ill.1991)).

The court also observed that although there is no statutory requirement that a preference diminish the estate under the Bankruptcy Code, many courts have determined such a requirement implicit in the language of the statute. *In re Interior Wood Products Co.*, 986 F.2d at 231 (citing *In re Abramson*, 715 F.2d 934, 938 (5th Cir.1983); *Palmer v. Radio Corp. of America*, 453 F.2d 1133, 1135 n. 3 (5th Cir.1971)). The court held that the earmarking defense did not apply in the case before it because there was no third party loan made to the debtor such that one creditor was substituted for another. *In re Interior Wood Products Co.*, 986 F.2d at 232.

Finally, in the recent case of *Kaler v. Community First Nat'l Bank (In re Heitkamp)*, the Eighth Circuit Court of Appeals considered the earmarking doctrine again and relying on *In re Bohlen Enters., Ltd.*, stated:

> According to the earmarking doctrine, there is no avoidable transfer of the debtor's property interest when a new lender and a debtor agree to use loaned funds to pay a specified antecedent debt, the agreement's terms are actually performed, and the transaction viewed as a whole does not diminish the debtor's estate.

*Kaler v. Community First Nat'l Bank (In re Heitkamp)*, 137 F.3d 1087, 1088–89 (8th Cir.1998) (citing *In re Bohlen Enters. Ltd.*, 859 F.2d at 566).

The court had no difficulty in extending the doctrine to non-guarantor situations where " 'any third party . . . pays down

the debt of the debtor . . . because [the] payments . . . would have no effect on the estate of the debtor.' " *In re Heitkamp*, 137 F.3d at 1089 (quoting *Stover v. Fulkerson (In re Bruening)*, 113 F.3d 838, 841 (8th Cir.1997)). The court observed that no avoidable transfer results from this type of situation because "the loaned funds never became part of the debtor's property." *In re Heitkamp*, 137 F.3d at 1089 (citing *In re Bohlen Enters. Ltd.*, 859 F.2d at 566).

The court in *In re Heitkamp*, relying on dictum in the case of *In re Bruening*, ignored one of the rationales for earmarking mentioned in *In re Bohlen Enters., Ltd.* That rationale was that the earmarking doctrine was justified because the debtor did not control the loan proceeds; therefore, they never became property of the estate.[2] Rather, the court in *In re Heitkamp* focused principally on the fact that, considering the transaction as a whole, the estate was not diminished because one creditor was substituted for another. *In re Heitkamp*, 137 F.3d at 1089. Accord, *Stingley v. AlliedSignal, Inc. (In re Libby Int'l)*, 247 B.R. 463, 467 (8th Cir. BAP 2000) (reasoning that bankruptcy estate was not diminished if one creditor was substituted for another); *Krigel v. Sterling Nat'l Bank (In re Ward)*, 230 B.R. 115, 120 (8th Cir. BAP 1999) (holding where one lien was substituted for another, no avoidable transfer of the debtor's property occurred).

In the instant case, all of the elements for the application of the earmarking doctrine are present. The debtor's mother and grandmother made a new loan pursuant to an agreement by the debtor to pay a specified creditor. The agreement was performed according to its terms and the transaction, viewed as a whole, did not

---

2. The property transferred in *In re Heitkamp* was a lien in real property owned by the debtor to secure a loan from the defendant to pay off materialmen who had supplied material for the construction of a building on the mortgaged property. The bank had failed to record its mortgage until four months after the loan disbursement because of an oversight. To achieve the result it reached, the court had to employ the fiction that the property transferred, a mortgage lien, was not a transfer of an interest of the debtor in property. *In re Heitkamp*, 137 F.3d at 1089.

diminish the estate. Under *In re Heit-kamp,* the fact that the debtor may have had "control" of the money for a brief period is no longer germane. The current focus is the effect of the transaction on the estate. *In re Libby Int'l,* 247 B.R. at 468. Therefore, the transfer of $15,000.00 to Midwest Auto Panels, Inc., is not a preferential transfer because the transaction viewed in its entirety did not diminish the debtor's estate.

IT IS SO ORDERED.