**In re Michael DAVIS, Debtor.**

**Mark Shapiro, Trustee, Plaintiff,**

**v.**

**Homecomings Financial Network, Inc., Mortgage Electronic Registration Systems, Inc. and GMAC Mortgage Corp., Defendants.**

**Bankruptcy No. 04–45710.
Adversary No. 04–4410.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

Jan. 26, 2005.

---

Thomas R. Morris, Shefferly, Silverman & Morris, West Bloomfield, MI, for Debtor.

### OPINION DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

MARCI B. MCIVOR, Bankruptcy Judge.

On December 13, 2004, this Court issued its Order Granting Defendants' Motion for Summary Judgment and Denying Plaintiff's Motion for Summary Judgment. On December 23, 2004, the Plaintiff filed its Motion for Reconsideration of the December 13, 2004 order pursuant to Local Rule 9024–1. For the reasons set forth below, the Court affirms its Opinion and Order issued on December 13, 2004.

### SUMMARY

11 U.S.C. § 547(b) requires that there be an "interest of the debtor in property" as a condition precedent to a trustee's preference avoidance action. Entireties property is an "interest of a debtor in

property". However, in this case where the real property is owned by the entireties by the debtor and his non-debtor spouse and where there is no joint debt, that "interest of the debtor in property" is not subject to § 547(b) preference actions because: (1) it cannot be severed from the interest of his non-filing spouse; (2) the existence of the Defendants' lien does not diminish the estate; (3) avoidance of the Defendants' lien does not increase the dividend to other creditors; and (4) such a finding is consistent with the policies behind § 547(b).

### STANDARD FOR MOTION FOR RECONSIDERATION AND PLAINTIFF'S ARGUMENTS

■ Under Local Rule 9024–1, a motion for reconsideration should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

In its Motion for Reconsideration, the Plaintiff argues that the mortgage transfer to the Defendants is preferential and the earmarking doctrine does not apply, citing *Vieira v. Anna Nat'l Bank (In re Messamore)*, 250 B.R. 913, 916 (Bankr.S.D.Ill. 2000), *Scaffidi v. Kenosha City Credit Union (In re Moeri)*, 300 B.R. 326, 329 (Bankr.E.D.Wis.2003), and *Sheehan v. Valley Nat'l Bank (In re Shreves)*, 272 B.R. 614 (Bankr.N.D.W.Va.2001). The Plaintiff then argues that avoiding the Defendants' security interest furthers the purpose behind the avoidance of preferences by preventing the attachment of secret liens.

### ANALYSIS

#### A. *The Earmarking Doctrine Does Not Apply in this Case.*

■ The Court has carefully considered the Plaintiff's arguments and the relevant case law. Upon review, the Court agrees with Plaintiff that the earmarking doctrine does not apply in this case. While there is case law to support the Court's Opinion *(In re Heitkamp,* 137 F.3d 1087 (8th Cir. 1998), *In re Ward,* 230 B.R. 115 (8th Cir. BAP1999), and *In re Montgomery,* 983 F.2d 1389 (6th Cir.1993)), the better reasoned cases distinguish between the transfer of funds and the transfer of a security interest and find that the earmarking doctrine only applies to the former.

The earmarking doctrine typically applies when a new lender pays off a creditor of the debtor and is frequently asserted in a refinancing situation. When a piece of property is refinanced, the refinancing lender transfers funds to pay off the original lender and the debtor grants a new security interest to the refinancing lender. The debtor's granting of the new security interest is a second transfer and the date that the transfer becomes effective for preference purposes is controlled by § 547(e). As the court explained in *Messamore:*

> [t]he bank [the refinancing lender], as a secured party, was obligated to perfect its mortgage interest by recording, and, under the definition of "transfer" applicable in preference cases, transfer of the debtors' interest did not occur until the bank actually perfected its mortgage four months later. See 11 U.S.C. § 547(e)(2). Thus, because of the bank's delay, the transfer occurring at that time constituted a transfer on account of the debtors' previously incurred obligation to the bank, and the earmarking doctrine, despite the *Heitkamp* court's ruling, was inapplicable to prevent

avoidance of the bank's mortgage under § 547(b).

*In re Messamore*, 250 B.R. 913, 918 (Bankr.S.D.Ill.2000). The cases which agree with *Messamore* conclude that, if a refinancing lender can perfect its security interest whenever it chooses to do so, then § 547(e) would be stripped of its meaning. Section 547(e) protects mortgagees for ten days after the transfer of funds. Once the ten-day window closes, a mortgagee is not protected from preference litigation.

In the instant case, the Defendants pay-off of the Debtor's prior mortgage is subject to the earmarking doctrine. However, the Debtor's granting of a security interest and the Defendants' perfection of that security interest are not subject to the earmarking doctrine. Even though this Court finds that the Defendants are not protected by the earmarking doctrine, this Court affirms its ruling for the reasons set forth below.

B. *The Debtor's Interest in Entireties Property Is Not an "Interest of the Debtor in Property" Subject to § 547(b) for the Following Reasons:*

1. *The "Interest of the Debtor in Property" Cannot Be Severed from the Interest of His Non-filing Spouse.*

■■ This Court finds that the nature of the Debtor's interest in real property is such that the interest is not subject to avoidance under § 547(b). The Debtor owns the property with his non-debtor spouse as tenants by the entireties. The Michigan Court of Appeals in the *Rogers* case set forth the nature of entireties property, stating:

When real property is so held as tenants by the entireties, neither spouse acting alone can alienate or encumber to a third person an interest in the fee of lands so held. Neither the husband nor the wife has an individual, separate interest in entireties property, and neither has an interest in such property which may be conveyed, encumbered or alienated without the consent of the other.

*Rogers v. Rogers*, 136 Mich.App. 125, 134, 356 N.W.2d 288 (1984) (citations omitted). While a *debtor's* interest in entireties property is property of the estate for purposes of § 541 (*See, Napotnik v. Equibank & Parkvale Savings Assoc.*, 679 F.2d 316, 320–322 (3d Cir.1982); *In re Trickett*, 14 B.R. 85, 88–89 (Bankr.W.D.Mich.1981)), a debtors' interest in the real property cannot be severed from a non-debtor spouse's interest in the real property. Therefore, a trustee is powerless to avoid a transfer of entireties property as a preference when the property was transferred by a debtor and non-debtor spouse and there is no joint debt. In essence, a debtor's interest in the entireties property, when his spouse is not in bankruptcy and where there is no joint debt[1], is not the type of "interest of the debtor in property" which can satisfy § 547(b) because that debtor's interest cannot be severed from the interest of his non-debtor spouse.

The Trustee relies on the *Messamore, Moeri,* and *Shreves* cases to support his argument that a refinancing lender's failure to perfect its security interest within the time provided for in 11 U.S.C. § 547(c)(3)(B) or § 547(e)(2)(B) allows the Trustee to avoid the refinancing lender's lien. However, each of those cases is distinguishable from the instant case. In *Messamore, Shreves* and *Moeri,* the parties who transferred "an interest of the debtor in property" were joint debtors

---

1. Even if there is joint debt, joint creditors may reach entireties interests only if the debt exceeds the $3,500 homestead exemption provided for in the Michigan constitution. *See, In re Grosslight*, 757 F.2d 773, 776 (6th Cir. 1985).

and their collateral was personal property *not* entireties property. The parties who transferred property were all debtors and their interest in the property was not protected by a prohibition on the sale of the collateral. Thus, the Trustee was able to establish the introductory requirement of § 547(b), along with all of the other requirements of § 547(b). In this case, the Trustee seeks to avoid a transfer made by the Debtor and his non-debtor spouse. The nature of the interest transferred (entireties property), however, cannot be severed when there is no joint debt. Therefore, the "interest of the debtor in property" is not subject to avoidance under § 547(b).

### 2. *The Existence of the Lien Does Not Diminish the Estate.*

 This Court reiterates its finding that there needs to be a diminution of the estate in order for there to be a preference under § 547(b), relying on the reasoning set forth in *Gregory v. Community Credit Co. (In re Biggers)*, 249 B.R. 873, 878–879 (Bankr.M.D.Tenn.2000). Even if the Trustee could somehow establish that the Debtor's interest is an avoidable interest in property under § 547(b), the transfer to the Defendants is not avoidable because the existence of the lien does not cause a diminution of the estate. In *Biggers*, the court held that, even if there is a "technical preference" under § 547(b) and § 547(e)(2), there is not an avoidable preference unless the "technical preference" resulted in the diminution of the estate." *Id.*, at 879; *In re Lowe*, 92 Fed.Appx. 129, 133 (6th Cir.2003). The *Biggers* court stated:

> Looking only at the 'trees' and parsing each component of the refinancing, it is easy to conclude that the transfer allowed CCC to receive more that it would receive in a Chapter 7 case. CCC released the original (Cityside) lien on the pickup. CCC took a new note and received a new security interest. But for the new security interest, CCC would have been an unsecured creditor in a case under Chapter 7. Viewed in this narrow light, perfection of the new lien enabled CCC to realize a greater share of the estate. However, in transactions that involve collateral substitution or renewal of a lien or security interest, many courts have measured the transaction as whole to determine whether the estate was diminished... The concept here is the same as the idea developed in old Supreme Court opinions under old bankruptcy acts-that a voidable preference must 'impair'.

*Biggers*, 249 B.R. at 877, 878. The *Biggers* court found that the act of refinancing did not deplete estate assets because the original lien was not a preference and a replacement lien neither benefits the debtor or prefers any creditor; it simply replaces a non-preferential secured claim with another secured claim. *Id.*, at 877–879. Because the refinancing lender merely replaced the original lender, no creditor was preferred and § 547 did not apply.

In the instant case, as in *Biggers*, the Debtor and his non-debtor spouse simply refinanced their home with the Defendants. The Defendants paid off the existing mortgage and recorded its interest in the property, albeit outside the ten-day period provided for in § 547(e). The Debtor exchanged one secured debt for another. The estate was not diminished.

### 3. *Avoidance of the Lien Does Not Increase the Dividend to Other Creditors.*

The avoidance of the Defendants' lien does not increase the assets available for distribution to other creditors. In this

case, there are no joint creditors of the Debtor and the non-debtor spouse *unless* the Trustee avoids the Defendants' mortgage. If the mortgage is avoided, the Defendants will become the only joint creditor of the Debtor and his non-debtor spouse, and proceeds from the sale of the entireties property could be applied only to satisfy that joint debt. *In re Grosslight,* 757 F.2d 773 (6th Cir.1985). Thus, the only parties (besides the Trustee) who will benefit from the sale of the Chestnut Property are the Defendants. The Debtor's other creditors are, at best, in the same position they would be in if the lien was not avoided. More likely, however, the Debtor's other creditors will be in a *worse* position. If the Defendants' unsecured claim is not satisfied out of the proceeds of the sale, then the balance of the Defendants' claim joins the rest of the unsecured claims and must be paid proportionately out of Debtor's non-exempt assets. This increase in the amount of unsecured debt, which will occur without the concomitant increase in the amount of assets, will reduce the amount available to all unsecured creditors.

### 4. *This Result Is Consistent with the Policies Behind § 547(b).*

Under the facts of this case, this Court holds that this result is consistent with the policies behind § 547(b), one of those being to prevent certain creditors from being preferred over other creditors with respect to distributions from the estate. The facts in this case are as follows: (1) the Debtor owns the Chestnut Property in the entireties with his non-debtor spouse; (2) the Defendants have a mortgage in the approximate amount of $103,000; (3) the Debtor has approximately $6,000 in assets; and (4) the Debtor lists approximately

$38,000 in unsecured debt. If the Defendants' lien is not avoided, the Defendants' will maintain their security interest in the Chestnut Property and the Debtor will be able to devote his $6,000 of assets to pay off his $38,000 of debt. As a result, the unsecured creditors will receive approximately a 16% dividend and the Debtor and his non-debtor spouse will retain their home. If the Defendants' lien is avoided, then the Defendants will have a general unsecured claim in the amount of $103,000. The Defendants' claim is for joint debt and the Trustee can sell entireties property to pay that joint debt. This result, however, not only harms the Defendants [2] (a result accepted by § 547(e)) but also harms the non-debtor spouse who is a completely innocent party who has never subjected herself to the jurisdiction of this court, and potentially harms the other unsecured creditors. For these reasons, this result does not further the purpose of 11 U.S.C. § 547.

The Trustee claims that the Defendants' lien is a "secret lien", and the purpose of § 547(e)(2)(B) is thwarted if the lien is not avoided. This Court disagrees because § 547(b) does not apply in this case. Unless all the elements of a preference exist, § 547(e)(2)(B) is not applicable.

### CONCLUSION

In this case, this Court finds that, because only the Debtor (and not the debtor's spouse) is in bankruptcy and there is no joint debt, the Debtor's interest in his entireties property is not an "interest of the debtor in property" which is subject to § 547(b); the Debtor's interest in entireties property cannot be severed from the interest of his non-filing spouse. The Court further finds that maintaining the Defendants' lien does not result in a dimi-

---

**2.** The Defendants will only be harmed if its lien is not fully satisfied by the proceeds of the

sale. If the Defendants' lien is paid in full then there was no preference to begin with.

nution of the estate, the other creditors will not benefit from the avoidance of the Defendants' lien, and avoiding the Defendants' lien will not further the purposes behind avoiding preferences. This case presents an unusual factual situation and, therefore, this Court limits its holding to the facts of this case only.

Because the Plaintiff has not demonstrated that the Court and the parties have been misled by a palpable defect *and* that a different disposition of the case must result from a correction of such palpable defect, Plaintiff's motion for reconsideration of this Court's December 13, 2004 order is DENIED.