**In re David LEE, Debtor.**

**Mark Shapiro, Trustee, Plaintiff,**

**v.**

**Chase Manhattan Mortgage Corp., Defendant.**

**Bankruptcy No. 04–46174–R.**
**Adversary No. 04–4442.**

United States Bankruptcy Court,
E.D. Michigan,
Southern Division.

July 8, 2005.

Gary D. Siegel, Waterford, MI, for Debtor.

---

*Supplemental Opinion Regarding Cross–Motions for Summary Judgment*

STEVEN RHODES, Chief Judge.

This matter is before the Court on a motion for summary judgment filed by the trustee, Mark Shapiro. Shapiro seeks to avoid as a preferential transfer the security interest of Chase Manhattan Mortgage Corp. in the debtor's residence. Chase filed a cross motion for summary judgment.

The Court heard oral argument on May 26, 2005. At the conclusion of oral argument, the Court ruled in favor of Shapiro. This opinion supplements the Court's decision at that time.

I.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."... The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.*, 800 F.Supp. 547, 549–50 (E.D.Mich.1992) (citations omitted). Federal Rule of Civil Procedure 56(c) is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.

Shapiro and Chase both assert that there are no genuine issues of material fact. The Court agrees that there are no contested facts and that the only issues are legal issues. Accordingly, summary judgment is appropriate.

II.

On March 4, 2004, David Lee filed a voluntary chapter 7 bankruptcy petition. Lee owns real property located in Pontiac, Michigan.

On March 23, 2001, Lee granted a mortgage on the property to .Flagstar Bank to secure the purchase price. The Flagstar mortgage was recorded on April 18, 2001. Subsequently, the mortgage was assigned to Chase.

On October 6, 2003, Lee refinanced his mortgage with Chase. All proceeds from the new mortgage were used to pay off the original mortgage and associated costs. The original mortgage was discharged on October 7, 2003. The new mortgage was recorded on December 17, 2003.

In his motion for summary judgment, Shapiro asserts that the security interest perfected on December 17, 2003, should be set aside as a preferential transfer. Shapiro argues that each of the elements of 11 U.S.C. § 547 are present. Further, Shapiro argues that the earmarking doctrine is not applicable to this case.

Chase relies on the earmarking doctrine. Chase argues that the security interest should not be set aside because the transaction was a refinance of its own prior perfected lien. Chase asserts that the bankruptcy estate was not affected since the funds disbursed were never within the control or possession of the debtor.

### III.

Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

The trustee bears the burden of proof regarding each element of § 547(b). *See Rieser v. Landis & Gyr Powers, Inc. (In re Bownic Insulation Contractors, Inc.)*, 134 B.R. 261, 264 (Bankr.S.D.Ohio 1991).

The record establishes that Lee refinanced the Chase mortgage on October 6, 2003. However, Chase did not record its new mortgage until December 17, 2003, seventy-two days later. Therefore, pursuant to § 547(e)(2)(B), the transfer of the security interest did not occur simultaneously with the transfer of the funds for the refinance.

Most of the elements of § 547(b) are not at issue. December 17, 2003, the effective date of the transfer of the security interest, is within the 90 days prior to the date Lee filed his bankruptcy petition. Chase did not challenge the presumption of insolvency under § 547(f). Nor did Chase argue that it is not a creditor.

Chase argues that the security interest should not be set aside as a preference based on the earmarking doctrine. Chase asserts that the funds disbursed by Chase's refinance of its own prior lien were never within the control or possession of the debtor. Therefore, Chase argues that the transfer is not "of an interest of the debtor in property." Additionally, Chase argues that the transfer did not diminish the bankruptcy estate.

Chase's first argument fails to recognize that in the present case there are two distinct transfers. The first is the transfer of funds from Chase to pay off the prior mortgage. The second transfer occurred when the debtor granted a security interest in his property to Chase. The

first transfer is protected by the earmarking doctrine; the second is not. *See Gold v. Interstate Fin. Corp. (In re Schmiel)*, 319 B.R. 520, 528–29 (Bankr.E.D.Mich. 2005); *Shapiro v. Homecomings Fin. Network, Inc. (In re Davis)*, 319 B.R. 532, 534 (Bankr.E.D.Mich.2005); *Scaffidi v. Kenosha City Credit Union (In re Moeri)*, 300 B.R. 326 (Bankr.E.D.Wis.2003); *Sheehan v. Valley Nat'l Bank (In re Shreves)*, 272 B.R. 614 (Bankr.N.D.W.Va.2001); *Vieira v. Anna Nat'l Bank (In re Messamore)*, 250 B.R. 913, 916 (Bankr.S.D.Ill. 2000).

The facts of the present case are very similar to the facts in *Messamore*. The court in *In re Messamore* noted:

The earmarking doctrine, as developed in case law, is clearly applicable in a refinancing situation to determine whether the debtor's payment of an existing creditor with funds borrowed from a new creditor constitutes a preferential transfer—that is, whether such payment is a transfer of the debtor's "interest in property" to pay the debt owed to the first creditor. This case, however, presents an entirely different question. Here, it is not the transfer of funds to the debtors' original creditor, Green Point, that is at issue, but the transfer that occurred when the new creditor, Anna Bank, perfected its lien on the debtors' mobile home more than 10 days after execution of the parties' loan agreement. Under the definition of "transfer" applicable in preference actions, the debtors' transfer of an interest in their mobile home did not occur at the time of the loan transaction when they incurred their obligation to Anna Bank. Rather, because Anna Bank failed to perfect within 10 days after the parties' transaction, transfer of the debtors' interest is deemed to have occurred at the time Anna Bank perfected its lien over two months later. See 11 U.S.C.

§ 547(e)(2)(B). It is this latter transfer, the transfer of the debtors' interest in the mobile home to Anna Bank to secure the pre-existent obligation, that the trustee alleges is preferential.

Although the debtors' transfer to Anna Bank arose in the context of a refinancing arrangement, it did not involve the payment of funds by a third party or, indeed, the payment of borrowed funds at all. For this reason, the earmarking doctrine has no logical relevance to such transfer. The transfer to Anna Bank that occurred upon perfection of its lien was separate and distinct from the transfer that occurred when Green Point was paid with borrowed funds, and this transfer was clearly a transfer of the debtors' interest in property, as it depended on the debtors' grant of a security interest to Anna Bank. The earmarking doctrine, therefore, is inapplicable in the present case to shield the debtors' transfer to Anna Bank from avoidance as a preference.

*In re Messamore*, 250 B.R. at 917 (footnotes omitted).

■ Chase's second argument is that the transfer did not diminish the bankruptcy estate. In support of its position, Chase cites *Kaler v. Community First Nat'l Bank (In re Heitkamp)*, 137 F.3d 1087 (8th Cir.1998). In *Heitkamp*, the Eighth Circuit held that the transfer of a mortgage did not diminish the estate because the debtor's "assets and net obligations remained the same." *Id.* at 1089. Chase also argues that *Spradlin v. Inez Deposit Bank (In re Lowe)*, 92 Fed.Appx. 129 (6th Cir.2003), supports its position. In this unpublished opinion, the Sixth Circuit concluded that when loan proceeds are used to pay the balance on the original loan, the transfer does not improve the defendant bank's position, "as the original loan was itself secured by a mortgage that the bank held on the property." *Id.* at

130. The Sixth Circuit held that since the transfer did not give the bank any greater security interest than it had before, it did not diminish the bankruptcy estate and therefore the transfer had no preferential effect. *Id.*

However, Chase's second argument requires the Court to view the transaction as if there were only one transfer instead of two. If Chase had perfected its mortgage within ten days of the transfer, the effective date of the transfer of the lien would have been October 6, 2003, the date of refinancing. But due to Chase's delay in perfection, the date of the transfer of the lien was December 17, 2003. The Court cannot treat them as part of the same transaction. The Court does not find *Heitkamp* persuasive. *See Manchester v. First Bank & Trust Co. (In re Moses)*, 256 B.R. 641 (10th Cir. BAP 2000) (rejecting *Heitkamp*).

Additionally, Chase's reliance on *Lowe* is misplaced. *Lowe* is distinguishable from the present case because the mortgage in *Lowe* was not recorded beyond the 10 day time period provided by the statute.

## IV.

■ During the preference period, Chase's unsecured claim became secured. This change was a transfer by the debtor of an interest in property, to Chase, a creditor, on account of an antecedent debt. Unless avoided, this change would allow Chase to receive more than it would otherwise be entitled and diminishes the bankruptcy estate. Accordingly, the perfection of the security interest by Chase is an avoidable preference. Chase Manhattan's motion for summary judgment is denied and the trustee's motion for summary judgment is granted.